(No. 14544.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SADIE COHEN, Plaintiff in Error.

*Opinion filed June 21, 1922.*

1. CRIMINAL LAW—*sufficiency of indictment or information in petit larceny is determined by Criminal Code.* As petit larceny is not a common law offense but is defined by and punished under the Criminal Code, the indictment or information must be construed in accordance with the code and will be deemed sufficiently technical if it states the offense in the terms and language of the code or so plainly that the nature of the offense charged may be easily understood by the jury.

2. SAME—*when strictness of pleading is required.* Great niceties and strictness of pleading should be countenanced and supported only when it is apparent that the defendant may be surprised on the trial or unable to meet the charge or make preparations for his defense for want of greater certainty or particularity.

3. SAME—*when information charging petit larceny of money is sufficient.* An information in petit larceny charging the taking of "one dollar ($1) good and legal money of the United States of America," is sufficient to inform the defendant and the jury of the nature of the offense charged, and on the common law record it will be sufficient to sustain a judgment of conviction.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding.

ANDALMAN, KOSTNER & ARVEY, (MAXWELL N. ANDALMAN, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (EDWARD E. WILSON, CLYDE C. FISHER, and ALVA L. BATES, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Sadie Cohen, was charged by an information filed in the municipal court of Chicago with the larceny of "one dollar ($1) good and legal money of the United States of America, of the value of one dollar," from Mitci Klaffenbok. A plea of not guilty was entered, a trial by jury was waived in writing and the cause was heard by the court. Plaintiff in error was found guilty and sentenced to three months' imprisonment in the house of correction and to pay a fine of one dollar and costs. The judgment of the municipal court was affirmed by the Appellate Court for the First District, and this writ of error is prosecuted to review its judgment.

The sole question presented for review is the sufficiency of the description of the property stolen. There was no motion to quash the information and no motion in arrest of judgment. Section 9 of division 11 of the Criminal Code provides that all exceptions which go merely to the form of an indictment (or information) shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in the indictment (or information). Petit larceny is not a common law offense but is an offense defined by our Criminal Code. Since petit larceny is defined by and required to be punished under the Criminal Code, which is a codification of the criminal law, the indictment or information must be construed in accordance with the code, and it shall be deemed sufficiently technical and correct if it states the offense in the terms and language of the code or so plainly that the nature of

the offense charged may be easily understood by the jury. (Hurd's Stat. 1921, p. 1149; *People* v. *Connors*, 301 Ill. 112; *People* v. *Jordan, ante,* p. 316.) Great niceties and strictness of pleading should only be countenanced and supported when it is apparent that the defendant may be surprised on the trial, or unable to meet the charge or make preparations for his defense for want of greater certainty or particularity. (*Cannady* v. *People,* 17 Ill. 158.) The criminal law is fast outgrowing those technicalities which grew up when the punishment for crime was inhuman and when it was necessary for the courts to resort to technicalities to prevent injustice from being done. Those times have passed, for criminal law is no longer harsh or inhuman, and it is fortunate for the safety of life and property that technicalities to a great extent have lost their hold. "One dollar ($1) good and legal money of the United States of America," is a definite and certain description of a piece of money of a fixed value, and there is not the slightest basis in common sense or in principle for the contention that either the defendant or the judge would have any difficulty in understanding the nature of the offense charged. Because of earlier decisions of this and other courts when the strict rules of pleading of the common law were controlling the decisions of the courts, counsel for plaintiff in error are fully justified in presenting this case to the court for decision and in the argument they make in their brief, but we are convinced that neither principle nor authority will justify us in adhering to the strict technicalities. The information was sufficient to sustain the judgment. Whether the proof actually showed the larceny of one dollar or the larceny of some other property or coins of the value of one dollar is a question with which we are not now concerned, because the case is here on the common law record.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*