(No. 15442.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVE BERGLIN, Plaintiff in Error.

*Opinion filed October 20, 1923.*

1. CRIMINAL LAW—*an attorney needing time to prepare defense should move for continuance.* An attorney appointed to defend one charged with crime should move for a continuance if he needs time to prepare the defense, and if no such motion is made there can be no complaint that defendant was not given time for that purpose.

2. SAME—*a constitutional question must be raised below.* The constitutionality of the Prohibition act cannot be raised on writ of error to review a judgment of conviction for possessing and selling intoxicating liquor where the question was not raised in any manner in the trial court.

3. SAME—*when People need not prove that intoxicating liquor was fit for beverage purposes.* In a prosecution for possessing intoxicating liquor, if the evidence shows that by chemical test the samples of liquor dipped from the toilet in the bathroom of defendant's house, where he had poured it, contain an unlawful quantity of alcohol by volume, it is not necessary for the People to prove that the liquor was fit for beverage purposes.

4. SAME—*penalty imposed by section 33 of Prohibition act for second offense is not disproportionate.* The penalty imposed by section 33 of the Prohibition act for a second offense is not so disproportionate to the offense as to justify holding the act invalid, as the penalty to be imposed for violation of a statute is primarily a legislative question.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

RUSSELL M. BOLIN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, LESTER H. MARTIN, State's Attorney, GEORGE C. DIXON, and JOSEPH W. DEPEW, for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Dave Berglin (hereafter called defendant) was convicted in the circuit court of McLean county for a violation of the Illinois Prohibition law. The first count of the indictment alleged defendant was convicted at the April term, 1922, of the circuit court, for possessing and selling intoxicating liquor, to-wit, whisky; that he was sentenced to pay a fine of $100 and stand committed until the fine was paid; that after the conviction, on the 20th day of August, 1922, he unlawfully possessed intoxicating liquor containing more than one-half of one per cent of alcohol by volume. The second count of the indictment alleged the former conviction and sentence, and that on the 20th day of August, 1922, he unlawfully sold intoxicating liquor containing more than one-half of one per cent of alcohol by volume. The jury found him guilty under both counts of the indictment, and the court, after overruling motions for a new trial and in arrest, sentenced defendant to the penitentiary for an indeterminate term, as provided by law, and to pay a fine of $500 under each count of the indictment. He has sued out this writ of error.

The errors assigned and argued in the briefs are, that section 3 of chapter 43, known as the Illinois Prohibition act, and section 33 of the same act, are unconstitutional; that the trial court erred in appointing counsel for the defendant and requiring him to go to trial without sufficient time for preparation; that the trial court erred in the admission of evidence and in giving and refusing instructions.

Counsel appointed to represent defendant on the trial made no motion for a continuance or postponement of the trial and cannot now be heard to complain that he was not allowed time to prepare the defense. If he needed time to prepare he should have made application to the court for postponement to a reasonable time to enable him to make preparation.

The People proved by Martin Gibson that he and Nolan Grubb met defendant on the streets of Bloomington the night of August 20, 1922, and Grubb asked the defendant where he could get some whisky. Defendant took the two men down to his house, presented them to his wife and then left the room. Grubb bought a pint of whisky from Mrs. Berglin and paid her $2.50. They drank the liquor there in the house. That same night three police officers, with a search warrant, went to the house of defendant and knocked at his door. Defendant came to the door and the officers asked to be admitted. The screen door was fastened with a hook, and defendant did not open it but walked away. One of the officers informed him he had a search warrant, but he went into another room and left the officer standing at the door. One of the officers was at another part of the house, and the officer at the door heard someone say they were pouring the stuff out. He immediately pulled the door open, went in, found defendant's wife sitting on the bed and defendant trying to quiet her. The officers went into the bathroom, where they found two jugs and a funnel. There was the smell of whisky in the bathroom and the jugs smelt of whisky. The officers dipped a

quart and a half of the contents of the toilet stool and put the same in two bottles, labeled the bottles and turned them over to a chemist for analysis for alcohol. The chemist testified the contents of one of the bottles contained 9.55 per cent alcohol by volume and the other one 12.07 per cent.

Defendant testified he did not possess or sell any intoxicating liquor August 20, 1922. He testified Gibson and Grubb asked him if he could get liquor for them, and he told them he did not know. He took them to his house, called his wife, and he left the room. The evidence abundantly authorizes the conclusion that he possessed and sold intoxicating liquor, as charged in the indictment.

No such errors were committed in the admission of testimony on the trial as to justify a reversal of the judgment on that ground. The principal error complained of in the admission of testimony was the admission of the testimony of the chemist as to the alcohol contained in the two bottles, the contents of which were dipped from the toilet stool. It is argued that the prohibition is against any liquid containing one-half of one per cent or more of alcohol by volume which is fit for use for beverage purposes. It is insisted there was no proof the contents of the bottles were fit for use for beverage purposes and the testimony should not have been permitted. We think this so obvious a misapprehension under the proof in this case as not to require discussion.

It is insisted section 3 of the Illinois Prohibition act is unconstitutional. No question of that kind was raised on the trial or by the motion for a new trial or in arrest of judgment, and it cannot be raised for the first time in a court of review. *Cummings* v. *People,* 211 Ill. 392; *People* v. *Harrison,* 223 id. 540; *Motsinger* v. *Chenoweth,* 308 id. 31.

It is also contended section 33, which provides that for a second conviction for a violation of the act the penalty

shall be not less than $500 nor more than $1500 and imprisonment in the penitentiary not less than one nor more than two years, is invalid. It is contended that section violates section 11 of article 2 of the Illinois constitution, which requires the penalty to be in proportion to the nature of the offense. The penalty for a violation of the statute is primarily a legislative question, and courts will not hold an act invalid unless the penalty imposed for its violation is clearly forbidden by the constitution. *People* v. *Elliott,* 272 Ill. 592; *City of Arcola* v. *Wilkinson,* 233 id. 250.

We are of opinion there is no merit in the defendant's criticism of the instructions given by the court on the trial.

The judgment is affirmed.        *Judgment affirmed.*