The People of the State of Illinois, Defendant in Error,
v. Pearla O. Beach, Plaintiff in Error.

Gen. No. 8,614.

Opinion filed April 27, 1932.

A. M. FITZGERALD, for plaintiff in error.

A. W. SCHIMMEL, State's Attorney, for defendant in error.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This case comes to this court upon writ of error to the county court of Pike county. Plaintiff in error was convicted under the first count of an information containing six counts charging him with violating the Medical Practice Act, Cahill's St. ch. 91, by treating human ailments without the use of drugs and without

operative surgery and by rubbing and otherwise making examinations and manipulations without having a license. The second and fourth counts were dismissed by the People and the third count was dismissed by the court. The jury found the defendant not guilty as to the fifth and sixth counts, but found him guilty on the first count.

The first count of the information upon which plaintiff in error was convicted was as follows: "Information by A. W. Schimmel, State's Attorney, against Pearla O. Beach, charging that on April 17, 1931, Pearla O. Beach did then and there unlawfully treat human ailments without the use of drugs or medicine, and without operative surgery, in that he did then and there treat one George G. Suprunowski for physical ailments by rubbing and otherwise making certain examinations and manipulations of the body of said George G. Suprunowski without him the said Pearla O. Beach having a valid existing license as to so treat human ailments, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of·the State of Illinois."

The evidence for the People consists alone of testimony of George Suprunowski, who was an investigator of the department of registration. He testified that he had gone to Pittsfield where plaintiff in error resides, and that there he had, under the name of Charles E. Lane, solicited plaintiff in error to come to the Pittsfield House for the purpose of treating him; that while representing himself to be Lane he had falsely stated that he was suffering from some complaint; that he had attempted to disguise himself by spectacles and a cane, and that plaintiff in error had come there and given him a treatment; that a deputy sheriff by the name of Wendell Johnson had by prearrangement called at the room while plaintiff in error was there;

that he gave plaintiff in error $2.50 for this treatment; that thereafter on the night of April 20 he obtained a confession from plaintiff in error which is marked People's Exhibit 4; that this confession was admitted in evidence over the objection of plaintiff in error and after a hearing out of the presence of the jury; Suprunowski's statements made at the time of obtaining the confession are partially corroborated by Ivis Johnson, the sheriff.

Plaintiff in error did not have a license to practice medicine. He testified that he had been treating human ailments in Pike county for 10 or 12 years; that he had treated human ailments for most of his life; that he did not give any medicine nor treat by manipulation or rubbing of any sort; that the nature of the aid he gave was divine and that he believed it a part of his religious duty to treat persons to whom he could give relief and that it was a part of his religious belief to bring assistance to persons suffering from human ailments by spiritual means; that he placed his hands on the clothing of persons because of the saying in the Bible that we must "be doers and not hearers only." He is confirmed in his statement that he does not manipulate, give medicine nor in any manner mentioned in the Medical Practice Act attempt to practice medicine, by Rose Brooks, who is the clerk of the circuit court of Pike county; Mrs. Goldman, Elza Galloway, Ed Goldman, Ed Kaeser, and Mrs. Kirk.

A confession was offered in evidence which plaintiff in error testified was secured from him by threats and intimidation and with the officer's gun lying upon the table, but as this confession does not change the situation as to plaintiff in error, under the conviction of the charge set out in count one, we omit the matter entirely except to suggest that under the proofs it was not properly admissible in evidence. In any event, if the jury were to hear the testimony, it should have

been guarded by plaintiff in error's third instruction, which the court refused to give, and which is as follows: "The Court instructs the jury that if you believe in this case that the statement in writing purporting to have been obtained from the defendant was not freely and voluntarily made and given by him, but was obtained by others through assault, intimidation, coercion, abuse or threats. or as a result of any so-called third degree method, then and in such case you are to utterly disregard such statement and to give it no consideration whatsoever, in arriving at your verdict in this case."

Plaintiff in error was convicted of violating the Medical Practice Act, as set out in count one of the information, and was sentenced to pay a fine of $500 and committed to The Illinois State Farm at Vandalia for a period of four months. He has brought the record to this court by writ of error for review.

The conviction in this case cannot stand. The whole proceeding is fictitious. The witness Suprunowski was an investigator for the department of registration. He had no ailment. By false pretenses, Suprunowski urged and persuaded plaintiff in error to do what plaintiff in error did. In *People v. Schell*, 240 Ill. App. 254, 258, the court said: "But an officer or prosecutor must not induce or solicit the commission of a crime by one who had no intent to commit it. (*City of Evanston v. Myers,* 172 Ill. 269; *Grimm v. United States,* 156 U. S. 604; *People v. Peters,* 265 Ill. 130.) In *Love v. People,* 160 Ill. 501, a defendant was prosecuted for a burglary in which he was induced to participate by a detective employed for the purpose of ferreting out lawlessness in the City of Momence. The detective planned the crime and with the consent of the owner of an office arranged for the safe therein to be burglarized and some money taken. The detective suggested the crime and induced the defendant to par-

ticipate in it. The Supreme Court said: 'To stimulate unlawful intentions for the purpose and with the motive of bringing them to maturity so the consequent crime may be punished, is a dangerous practice. It is safer law and sounder morals to hold, where one arranges to have a crime committed against his property or himself, and knows that an attempt is to be made to encourage others to commit the act by one acting in concert with such owner, that no crime is thus committed. The owner and his agent may wait passively for the would-be criminal to perpetrate the offense, and each and every part of it, for himself, but they must not aid, encourage or solicit him that they may seek to punish.' The opinion further says on page 505: 'Such means and agents are more dangerous to the welfare of society than are the crimes they were intended to detect and the criminals they were to arrest.' ''

Plaintiff in error was dismissed and found not guilty of all charge of violation of the Medical Practice Act, Cahill's St. ch. 91, except the charge in count one, and we are not disposed to affirm a conviction in a fictitious case prepared as a trap and brought about and induced by the law enforcer, which amounts to a pure fiction.

For the reasons stated the judgment of the county court of Pike county is reversed.

*Reversed.*