(No. 22606.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH CAPONETTO *et al.* Plaintiffs in Error.

*Opinion filed December 18, 1934—Rehearing denied Feb. 6, 1935.*

KEANE & O'LEARY, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error were convicted in the criminal court of Cook county on the charge of burglary. They were charged by the first count of the indictment with breaking and entering into the garage of the complaining witness, Nick DeLes, on November 21, 1933. The second count charged entrance without force. The third count charged stealing a motor vehicle belonging to Nick DeLes, and the fourth count charged them with receiving a motor vehicle of Nick DeLes knowing the same to have been stolen.

The grounds on which reversal of the judgment is sought are variance between the allegations of the indictment and the proof as to the name of the owner of the property and the action of the court in re-instating count 1 of the indictment after the same had been stricken. At the close of the State's case a motion was made for a directed verdict, which was denied, and also a motion for rule on the State to elect on which counts they intended to stand. The State's attorney announced that they elected

to stand on count 2 of the indictment, charging burglary by entrance into the garage without force. No evidence was offered on behalf of the accused.

During the course of the argument to the jury, the court, on the request of the State's attorney and on his statement that they wished to stand on the first and second counts, re-instated count 1, vacating the order *nolle prosequi* as to that count. This is assigned as error.

The complaining witness testified that his name was Nick DeLeo, and that on November 21, 1933, he owned a four-door Nash sedan automobile which he valued at $400 and which he kept in his garage in the rear of his home at 510 South California avenue, in the city of Chicago. He testified that about 1:30 A. M. on that day he put his car in the garage and locked the doors and windows, and that at 12:00 o'clock that day the police called him and he went to the garage and found the door open and his car gone, and later went to the police station, where he found his car. Certain accessories thereof were missing. He stated on cross-examination that he was never known by the name of DeLes.

The People offered also the testimony of two police officers that they had arrested plaintiffs in error about 9:30 P. M. November 21 while they were in the act of removing parts from the automobile identified by the complaining witness as belonging to him. They testified that plaintiffs in error admitted they stole the car from in front of the five hundred block South California avenue at 7:00 P. M. that night, and that they called the complaining witness and he came to the police station and identified the car.

The claim of variance is based on the fact that while the name of the complaining witness appears in the indictment as Nick DeLes he testified that his name was Nick DeLeo. It is conceded that where the doctrine of *idem sonans* applies such variance is not fatal, but it is said that

such rule is not applicable here. In *People* v. *Gormach,* 302 Ill. 332, this court reviewed the cases that had been decided by this court wherein the application of the doctrine of *idem sonans* was under consideration, and announced the rule that where the name of the owner of the property alleged to have been taken or entered and such name as alleged in the indictment would in ordinary enunciation be indistinguishable, and where it would require particular distinction in enunciation to make the difference apparent, the rule of *idem sonans* applies. And also it was there announced, citing and quoting from *People* v. *Weisman,* 296 Ill. 156, that the rule recognized by this court is that a variance as to names alleged in the indictment from those proved by the evidence is not to be regarded as material unless it shall be made to appear to the court the jury were misled by it or that some substantial injury was done the accused thereby, as where, by reason of such variance, he was unable to intelligently make his defense or was exposed to the danger of a second trial on the same charge. In this case we are unable to see how it can be said the plaintiffs in error were materially injured upon the trial by reason of the claimed variance or that they can again be required to answer this charge. Proof of their guilt is overwhelming. The character of the car taken, its identity, the residence of the owner and the admission of the accused that they stole the car from in front of the five hundred block South California avenue, clearly identify this particular crime and render a plea *autrefois convict* available to them should they again be charged with this crime. Nor were they in any way prejudiced in making their defense, as there appears from this record no question as to the identity of the owner nor of the time, place or manner of the commission of the crime. A different crime could not be deemed to have been proved. We are of the opinion, therefore, that the claim of variance is not of such character as to vitiate the verdict in this case.

In support of the claim that the court erred in re-instating count 1 of the indictment, counsel argue that it had no power, after having once announced an order of *nolle prosequi* of that count, to re-instate it. They cite *Patrick v. People,* 132 Ill. 529, in support of the point. In that case the court, on motion of the State's attorney, amended the indictment, and this court held that such was not within the power of the court. Such is not this case. It here appears from the abstract that, through inadvertence or otherwise, the State's attorney in announcing his election indicated that count 1, as well as counts 3 and 4, might be stricken. When his attention was called to the matter he stated to the court that the State desired to stand on counts 1 and 2. This occurred during the trial.

Counsel for plaintiffs in error argue that the re-instatement of count 1 after evidence was closed prevented their offering evidence to that count. It may be first observed that plaintiffs in error made no attempt to offer evidence after the re-instatement of count 1. They offered no evidence. The proof supporting count 1, charging force, was clear and undisputed, and that count was fully supported by the evidence. The testimony of the officers that plaintiffs in error admitted to them that they stole the car in the five hundred block South California avenue was not denied. The record was in the breast of the court and wholly under its control, and under the circumstances here shown it was within the power of the court to re-instate count 1 before the cause was finally submitted to the jury. *Godfreidson v. People,* 88 Ill. 284.

No error appears in this record requiring the reversal of the judgment, and it will be affirmed.

*Judgment affirmed.*