**People of State of Illinois, Defendant in Error, v. Harry Moore, Plaintiff in Error.**

**Gen. No. 9,440.**

Opinion filed October 26, 1944.   Released for publication November 21, 1944.

S. M. SCHOLFIELD of Marshall, and M. E. Cox, of Robinson, for plaintiff in error.

CLAUDE W. McDANIEL, of Marshall, for defendant in error.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

An information consisting of one count was filed in the county court of Clark county by the state's attorney, which charged the defendant, Harry Moore, with the crime of assault with a deadly weapon with intent to do a bodily injury.

A jury returned the following verdict: "We, the jury, find the defendant guilty as charged."

The trial court entered judgment on the verdict and sentenced the defendant to pay a fine of $500 and to six months' confinement at the Illinois State Farm at Vandalia.

The defendant has sued out a writ of error to review such judgment.

The information charged that the defendant "did wilfully and unlawfully assault Pvt. Arthur Washburn

with a deadly weapon, to-wit, with the tines of a pitch-fork, with intent to inflict upon said Washburn a bodily injury where no considerable provocation appeared and where the circumstances of the assault showed an abandoned and malignant heart, contrary to the statute'' etc.

The first contention of the defendant is that inasmuch as the information contained no allegation that Washburn was ever touched with the tines of the fork, the result is that a simple assault is charged, and the jury should have found of what offense the plaintiff in error was guilty.

The information was in the language of paragraph 60 of the Criminal Code (ch. 38, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.039]) and in our opinion sufficiently charged the crime defined in such paragraph of the statute. (See *People v. Cohen,* 303 Ill. 523; *People v. Gawlick,* 350 Ill. 359.)

To constitute the major or greater offense defined in such statute, it was not necessary to charge a battery,—that is to say, it was not necessary that the information should charge that the victim Washburn was touched with the tines of the fork. (*Young v. People,* 6 Ill. App. 434; *Allen v. People,* 82 Ill. 610.)

It is our opinion that the verdict of ''guilty as charged'' was a sufficient finding containing all of the essential elements of the major crime charged. (See *Armstrong v. People,* 37 Ill. 459; *People v. Lemen,* 231 Ill. 193.)

The only other contention of the defendant is that the jury and not the court should have fixed the punishment.

Paragraph 60 of the Criminal Code, under which defendant was convicted, provides that, ''An assault with a deadly weapon . . . shall subject the offender to a fine . . . or imprisonment in the county jail . . . , or both, *in the discretion of the court.*'' (The emphasis is ours.) Such paragraph was enacted in 1874.

In 1917 the legislature passed an Act entitled: "An Act to revise the law in relation to the sentence and commitment of persons convicted of crime or offenses and providing for a system of parole and to repeal certain Acts and parts of Acts therein named." Such Act was approved June 25, 1917. (See Session Laws of 1917, p. 353 [Ill. Rev. Stat. ch. 38, par. 801 *et seq.;* Jones Ill. Stats. Ann. 37.759 *et seq.*].)

Such Act of 1917 has been amended from time to time. Such Act as originally passed, and as so amended, provided the method of fixing the punishment for certain criminal offenses, but prior to the enactment of the Act of 1943, referred to in the next paragraph of this opinion the Act of 1917, as originally passed and as amended from time to time, did not in any manner provide for the fixing of the punishment in cases where the penalty prescribed by statute was confinement in the county jail, or fine, or both.

In 1943 the legislature passed an act entitled "An Act to amend Section 6a of Division XIV of 'An Act to revise the law in relation to criminal jurisprudence,' approved March 27, 1874, as amended." (See par. 754a, ch. 38, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.742 (1)]; see also p. 586 of vol. 1 of the 1943 Session Laws.)

Such Act of 1943, so far as is material, provides that:

Sec. 6a. "The provisions of 'An Act to revise the law in relation to the fixing of the punishment and the sentence and commitment of persons convicted of crime or offenses, and providing for a system of parole', approved June 25, 1917, as amended, shall apply to all crimes or offenses herein enumerated to which said Act may be applicable. In all convictions for such crimes or offenses, the fixing of the punishment and the sentence and method of imposition thereof, shall be as therein provided.

For all crimes or offenses to which the act cited in the preceding paragraph may not be applicable, the following procedure shall apply:

(a) . . .

(b) . . . *In all cases where the penalty as prescribed by statute is confinement in the county jail, or fine, or both, if the jury finds the accused guilty, it shall also fix the time of confinement, or fine, or both, as the case in its judgment requires.* (The emphasis is ours.)

(c) When the accused pleads guilty, and in all other cases not otherwise provided for, the court shall fix the time of confinement, or the amount of the fine, or both, as the case may require."

The question we are now required to pass on is,— is such emphasized part of such paragraph "b" of said sec. 6a applicable to and does it control the procedure when a defendant is now found guilty of an assault with a deadly weapon as defined in such paragraph 60 of the Criminal Code, or do the words, *"In the discretion of the court,"* found in such paragraph 60, require that where a defendant is found guilty under such paragraph 60 the judge, and not the jury, shall fix the punishment of the defendant, if the defendant is found guilty?

When the legislature treats a subject in a general manner it is not reasonable to suppose that it intends to abrogate particular legislation, to the details of which it has previously given attention, applicable only to a part of the same subject, unless the general act shows a plain intention so to do. The question is one of intention. (*People v. Mack,* 367 Ill. 481, 486.) That construction should be adopted which will give effect to the object and intention of the legislature. (*People v. Flynn,* 265 Ill. 414, 424.) Repeals by implication are not favored in the law, and a later statute will never be held to repeal an earlier one, unless they cannot be reconciled. It is the duty of the courts

to construe them so as to avoid repeal, if such a construction can be given, and a statute will never be held to be repealed by implication if it can be avoided by any reasonable hypothesis. A subsequent law which is general does not abrogate or repeal a former one which is special and intended to operate upon a particular subject, and if the later statute does not contain negative words it will not repeal the particular provisions of the special law on the same subject, unless it is impossible that both should be enforced. (*Village of Ridgway v. Gallatin County,* 181 Ill. 521, 525.) The rule is that where there is to be found in a statute a particular enactment, it is to be held operative as against the general provisions on the subject either in the same Act or in the general laws relating thereto. (*Robbins v. Lincoln Park Com'rs,* 332 Ill. 571, 579.) It is also a familiar principle if two statutes are clearly repugnant to each other the one last enacted operates as a repeal of the former; and another rule is that a subsequent statute revising the whole subject of a former one and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former. Where a later statute covers the whole subject matter of a previous statute and embraces new provisions which plainly show that it was intended as a substitute for the first, the later statute will operate as a repeal of the former statute even though not in all respects repugnant to such statute. (*People v. Gould,* 345 Ill. 288, 312.) Where the provisions of a former and a later statute are inconsistent and repugnant in respect of the same subject matter, the latter is a repeal of the former to the extent of the inconsistency or repugnancy. (*Cook & Rathborne Co. v. Sanitary Dist. of Chicago,* 177 Ill. 599, 602.)

Applying the foregoing rules of construction, it is obvious that the provisions of the 1943 Act and that part of paragraph 60 with reference to the fixing of the punishment are clearly in conflict with and repug-

nant to each other. It is impossible for both the trial judge and the jury to fix the punishment. From a careful reading of the 1943 Act we are of the opinion that in enacting such Act it was clearly the intention of the legislature to thereby cover the whole subject of whether the trial judge or a jury should fix the particular punishment in all criminal cases, within, of course, the time limitations provided for by all statutes in the Criminal Code. It will be noted that the second paragraph of Section 6a specifically states that "For all crimes or offenses . . . the following procedure shall apply: . . . In all cases where the penalty as prescribed by statute, is confinement in the county jail, or fine, or both, if the jury finds the accused guilty, it shall also fix the time of confinement, or fine, or both, as the case in its judgment requires." We do not see how the legislature could have expressed its intention in any plainer language.

As stated, the 1943 Act above referred to may be found in the 1943 Session Laws at page 586, volume 1. The act was Senate Bill No. 318 and was approved July 16, 1943. Although neither side has called our attention to the fact, at pages 589 and 590 of such volume of the same Session Laws there appears House Bill No. 342, which was approved May 29, 1943. As far as we can find House Bill No. 342 does not appear in the printed statutes. It is interesting to note that House Bill No. 342, although otherwise in almost the same language as Senate Bill No. 318, did not contain the following language used in the later Senate Bill, —"In all cases where the penalty as prescribed by statute is confinement in the county jail, or fine, or both, if the jury finds the accused guilty it shall also fix the time of confinement, or fine, or both, as the case in its judgment requires."

For the reasons indicated it is our opinion that the 1943 Act controls, that in the case at bar the jury, having found the defendant guilty, should have fixed

the punishment by their verdict, that such punishment should not have been fixed by the trial judge, and that in this respect the verdict was fatally defective.

The judgment of the trial court is therefore reversed and the cause is remanded to the trial court for a new trial and for other proceedings consistent with this opinion.

*Reversed and remanded with directions.*