**People of State of Illinois, Plaintiff-Defendant in Error, v. Morris E. O'Dell, Defendant-Plaintiff in Error.**

Gen. No. 9,739.

Opinion filed May 31, 1951. Released for publication June 26, 1951.

KENNETH A. GREEN, and RYAN & AUSTIN, all of Mattoon, for defendant, plaintiff in error.

HUGH HARWOOD, State's Attorney, of Coles County, of Charleston, for plaintiff, defendant in error; RALPH

E. Suddes, Assistant State's Attorney, Coles County, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff in error, Morris E. O'Dell, hereinafter referred to as the defendant, was tried in the County court of Coles county on an information of two counts, charging him with a violation of the Medical Practice Act, a misdemeanor, and found guilty by a jury. Motions for a new trial, in arrest of judgment, and for judgment notwithstanding the verdict, were overruled, and the court entered judgment on the verdict of the jury, and assessed a fine of $200, from which judgment and fine this review is sought by writ of error.

Defendant assigns as error that the trial court erred in not permitting the jury to assess the fine and punishment, rather than the court, and cites the case of *People v. Moore,* 324 Ill. App. 109, which case involved a prosecution for assault under Section 60 of the Criminal Code, and the court fixed the punishment. That case rightfully held that under Section 754a (b) of the 1943 amendment it was the duty of the jury to fix the punishment.

The amendment of 1943, Section 754a (b) is an amendment to the Criminal Code and provides a system of fixing punishment for those crimes enumerated in the Criminal Code. It does not amend any other statute, such as the Medical Practice Act.

The Medical Practice Act in Sec. 16i, Chapter 91, Illinois Revised Statutes, [Jones Ill. Stats. Ann. 79.25] under which the defendant was prosecuted, provides as follows:

"If any person shall hold himself out to the public as being engaged in the diagnosis or treatment of ailments of human beings; . . . and shall not then possess in full force and virtue a valid license . . . , he shall be guilty of a misdemeanor, and upon convic-

397

tion thereof shall be punished by a fine . . . , or by confinement in the county jail . . . , or by both such fine and imprisonment, in the discretion of the court.''

■ The statute is clear. Under the Medical Practice Act the court has the authority to impose sentence after a finding of guilty by the jury.

It is also assigned as error that the conviction was obtained through entrapment, and that if the testimony of the witness Stunkard, who testified to having been treated by the defendant, had been stricken, that there would have been no evidence sufficient to convict the defendant.

Defendant, under the name of Maurice E. O'Dell, held himself out as a chiropractor; he had an office in the Demaree Building in Mattoon, Illinois; his name was listed in the telephone directory, also listed in the classified section of the same telephone directory under ''Chiropractors.'' Maurice E. O'Dell was identified as the same person as the defendant named Morris E. O'Dell. His office was equipped with an X-ray machine, which machine he operated himself, and a work table upon which the patient was placed and worked upon by the defendant.

Robert L. Stunkard, an investigator for the State Department of Registration and Education, walked into defendant's office, complaining of a headache, and asked the defendant if he could do something to relieve it. The defendant indicated that he thought he could, and examined Stunkard with a ''nerve finder,'' took X-ray pictures, and worked on Stunkard's spine as he lay on the table. Defendant charged Stunkard $2 for the treatment, and $10.00 for the X-ray pictures, and received payment by check. The defendant did not testify or offer a license showing that he was authorized to give treatments. There was evidence that the State Department of Registration and Education had no record of any license ever having been issued to the defendant.

398

■ Stunkard in no way inspired, incited or lured the defendant to violate the law, but on the contrary, the defendant kept his office open to the public, to enter and receive treatment, for which he would make a charge. There is no such entrapment as would constitute a valid defense. *People v. Guagliata,* 362 Ill. 427. In the case of *People v. Paderewski,* 373 Ill. 197, the facts of which are almost the same as the instant case, the Court said:

"The point raised that proof of the offense was made by entrapping the defendant is without foundation, as the evidence shows no more than artifice and stratagem were used to catch one engaged in a criminal enterprise."

The evidence in this case does not in any way disclose entrapment. The facts in the case of *People v. Beach,* 266 Ill. App. 272, cited by the defendant, which case was decided by this court, stands on its own facts, which are in no way comparable to the facts in the case at bar.

Finally, defendant urges that the information in this case was filed against Morris E. O'Dell, but that all of the testimony was against Maurice O'Dell; that the variance does not fall within the rule of idem sonans, and is fatal in a criminal case, because where there is a variance in names the defendant may again be put in jeopardy for the same offense.

■ ■ The law does not regard the spelling of the names so much as the sound. If the names, when pronounced, sound the same so that the attentive ear finds difficulty in distinguishing them, when pronounced, they are idem sonans. The rule is that a variance as to names alleged in the indictment or information from those proved by the evidence is not to be regarded as material, unless it shall appear to the court that the jury was misled, or that some substantial injury was done to the accused thereby, such as that by reason thereof he was unable to intelligently

399

make his defense, or was exposed to the danger of a second trial on the same charge. *People v. Caponetto*, 359 Ill. 41; *People v. Weisman*, 296 Ill. 156.

In the instant case the jury could not have been misled by the variance, nor, under the facts as shown by the evidence, could any substantial injury have been done to the accused, nor could he be prejudiced hereafter by the danger of having to again answer this charge. Applying the well established rule stated in *People v. Weisman, supra,* there is no material variance between the name Morris, alleged in the information and the name Maurice, proved by the evidence, necessitating a reversal of the judgment.

For the foregoing reasons the judgment of the trial court is affirmed.

*Affirmed.*