**People of State of Illinois, Plaintiff-Defendant in Error, v. Ralph Davis, Defendant-Plaintiff in Error.**
**Gen. No. 9,840.**

Opinion filed January 29, 1953. Rehearing denied March 18, 1953. Released for publication March 18, 1953.

G.WILLIAM HORSLEY, JOHN B. CRAIN, and L. H. LENZ, all of Springfield, for plaintiff in error.

JOHN T. REARDON, State's Attorney, Adams county, and H. DAVID CONDRON, Assistant State's Attorney, Adams county, both of Quincy, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from the county court of Adams county on a conviction of the defendant by a jury of reckless driving, and the imposition of a fine of $300 and costs and the confinement in the House of Correction for a term of 60 days. This penalty was determined, not by the jury in its verdict, but rather by the trial judge following the conviction. The only error relied upon by the plaintiff in error for reversal is that the trial court erred in fixing Davis's sentence rather than have such sentence determined by the jury.

The conviction was under section [paragraph] 145 of chapter 95½ of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 85.177]. Neither in this section nor elsewhere in the Motor Vehicle Act is it specifically

stated whether the jury or the court should impose the sentence under such circumstances.

The appellant relies on *People v. Moore*, 324 Ill. App. 109, and the appellee on the case of *People v. O'Dell*, 343 Ill. App. 395. The *O'Dell* case, *supra*, has recently been followed in *People v. Mainard*, 348 Ill. App. 53. It is not necessarily a question of which of these cases cited is correct, but rather upon examination, it seems to be which case is applicable.

The *Moore* case, *supra*, involved a conviction of assault with a deadly weapon with intent to do bodily injury. The jury found the defendant guilty, but the trial court entered judgment on the verdict and sentenced the defendant to pay a fine of $500 and to 6 months at the Illinois State Farm at Vandalia. The Appellate Court held that the jury having found the defendant guilty should have fixed the punishment by their verdict and it should not have been done by the trial judge. This case does not attempt to set up the proper procedure for a sentence upon conviction under the reckless driving provision of the Motor Vehicle Act.

Such an assault as the *Moore* case is concerned with is one of the crimes enumerated in the Criminal Code, while the reckless driving offense in the case at bar is covered by the Uniform Motor Vehicle Act of this State. In the *Moore* case it was concluded that the Act of 1943 entitled "An Act to amend Section 6a of Division XIV of 'An Act to revise the law in relation to criminal jurisprudence,' approved March 27, 1874, as amended" (par. 754a, ch. 38, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.742(1)]) was applicable to the assault case for the reason it was a crime under the Criminal Code, and it therefore followed the requirement of par. 754a, ch. 38, that the penalty should have been decided by the jury and not by the trial court.

The *O'Dell* and the *Mainard* cases, *supra,* both of which hold that it was proper for the trial judge to determine the penalty after the conviction by the jury, are not inconsistent with the *Moore* decision, as they both involved convictions of offenses not found in the Criminal Code. They both relate to violations of the Medical Practice Act. The provisions of par. 754a, chap. 38 of Ill. Rev. Stat., which requires the jury to determine the penalty when they are also called upon to determine the guilt or innocence of the defendant applies only to crimes and offenses enumerated in the Criminal Code, not to violations of the Medical Practice Act as in the *O'Dell* and *Mainard* cases, *supra.* By the same reasoning the chapter would not apply to a violation of the Illinois Motor Vehicle Act, such as we have here.

In searching for legislative intent on this question it is found that the reckless driving offense and penalty are coupled in the same article with the driving under the influence of liquor provision in the Motor Vehicle Act. It is reasonable to believe that the legislature wanted the same procedure followed in the trial under one offense as it did under the other. Upon the conviction of the second offense of driving while under the influence of liquor the statute provides alternative penalties which may be imposed "in the discretion of the court."

It would therefore seem to be a strong implication at least that it was the intent of the legislature to permit the judge to determine the penalty following a conviction by a jury in either a reckless driving case or a driving while under the influence of liquor case.

The trial court was correct in imposing the penalty after the jury had convicted the defendant; and as that is the only point raised in this case, the judgment of the trial court is affirmed.

*Affirmed.*