THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALBERT REED, Defendant-Appellant.

First District (2nd Division)    No. 76-710

Opinion filed November 29, 1977.

James J. Doherty, Public Defender, of Chicago (Michael White and Aaron L. Meyers, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and William E. Spizzirri, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

Defendant, Albert Reed, was arrested on March 28, 1976 and was charged by complaint with the offense of unlawful use of weapons in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1976 Supp., ch. 38, par. 24—1(a)(4)). Specifically, the original complaint alleged as follows:

"That Albert Reed has on or about 28 March 76, at 6255 S. May, Cook County, Illinois, committed the offense of unlawful use of weapons in that he knowingly carried concealed on his person a firearm to-wit: .38 caliber revolver charter arms serial number

#183903 in violation of Chapter 38, Section 24—1(a)(4), Ill. Rev. Stat."

On the date of trial, after both parties answered ready for trial, the State made a motion to amend its complaint. Over the objections of defense counsel, the trial court stating that "it certainly does not take the defendant by surprise," allowed the State to amend its complaint to read as follows:

"That Albert Reed has on or about 28 March 76, at 6255 S. May, Cook County, Illinois, committed the offense of unlawful use of weapons in that he knowingly carried a loaded firearm to-wit: .38 caliber revolver charter arms serial number #183903 not on his own fixed place of business or abode or his own land, while within the corporate limits of the City of Chicago in violation of Chapter 38, Sec. 24—1(a)(10), Ill. Rev. Stat."

The defendant did not ask for a continuance, waived trial by jury and entered a plea of not guilty. The court found the defendant guilty as charged in the amended complaint and sentenced him to a term of nine months in the custody of the Illinois Department of Corrections.

On this appeal, the defendant presents as the sole issue his contention that the trial court abused its discretion by improperly allowing a substantive amendment of the original complaint in open court, prior to trial, over his timely objection.

Officer White of the Chicago Police Department testified that on March 28, 1976, at approximately 9 p.m., he and his partner, Officer Moore, were on routine patrol when they noticed 12 or 13 people gathered together on the corner of 6255 S. May, in Chicago. Officer White also observed two men backing northbound on the west side of the street with their hands in the air. At the same time, he observed a man who he later identified as the defendant, standing with a pistol in his hand facing the men with their hands up. Officer White testified that he then pulled over, alighted from his squad car, and pursued the defendant on foot for approximately 50 feet, whereupon he apprehended the defendant at the door of a tavern. Subsequently, Officer White retrieved the weapon from the defendant and found it to be loaded with five rounds of ammunition.

On cross-examination, defense counsel elicited testimony from Officer White to the effect that he and his partner had described the pistol they retrieved from the defendant as an "object" in both the arrest report and case report filled out subsequent to the arrest. At trial, Officer White testified that he knew that this object was a gun from the moment he first saw it in the defendant's hand.

Defendant, Albert Reed, and defense witnesses Robert Walker and Diane Walker all testified that they were standing outside the tavern

talking, but that there were two men arguing outside the tavern when the police pulled up in their patrol car. They, along with 12 or 15 other people who were standing outside the tavern, were told to "get up on the wall" by Officer White. Everyone was searched by Officer White; no pistol, revolver or weapon of any kind was recovered from the defendant or anyone else at the scene. These witnesses testified further that Officer White then entered the tavern, came back with a revolver in his hand and asked "whose pistol is this"? Since the defendant was closest to the door of the tavern at that time, he was handcuffed by Officer White.

Following his conviction, the defendant filed a motion for a new trial stating eight allegations of error, none of which made reference to the trial court's alleged abuse of discretion in allowing the State to amend the complaint. Section 615(a) of the Illinois Supreme Court Rules (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)), provides however, that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court. Our supreme court further expounded upon this rule in *People v. Burson* (1957), 11 Ill. 2d 360, 370, 143 N.E.2d 239, wherein it stated:

> "* * * 'The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented.' * * *"

In this regard, our supreme court also enunciated a rule in *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856, that the failure by a defendant to raise an issue in a written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review. The court specified that this waiver rule applies to constitutional questions as well as to other issues. In discussing Rule 615(a), the court stated at page 282, "* * * This rule does not mandate that a reviewing court consider all errors involving substantial rights whether or not the same have been brought to the attention of the trial court. * * *"

In the case at bar, the State contends that there were no allegations of error nor were there in fact any plain errors or defects affecting substantial rights, and that accordingly this court need not reach the issue now raised by the defendant on appeal. Thus, while it is not necessary for us to do so, a careful examination of the defendant's contention would disclose that it was not plain error for the trial court to allow the State to amend its complaint prior to trial.

The defendant initially argues that our State has established by statute the standard and under what circumstances the trial court can allow amendments to the original complaint, referring to section 111—5 of the

Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—5), which provides:

"An indictment, information or complaint which charges the commission of an offense in accordance with Section 111—3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects including:

(a) Any miswriting, misspelling or grammatical error;

(b) Any misjoinder of the parties defendant;

(c) Any misjoinder of the offense charged;

(d) The presence of any unnecessary allegations;

(e) The failure to negative any exception, any excuse or proviso contained in the statute defining the offense; or

(f) The use of alternative or disjunctive allegations as to acts, means, intents or results charged."

Specifically, the defendant contends that the legislature enacted the aforementioned statute to permit amendments of complaints at any time which contained purely technical or formal defects not affecting the substantive nature of the offense and urges that in the case at bar, the trial court wrongfully allowed a substantive amendment.

■■ Our supreme court has recognized however, that "Great niceties and strictness of pleading should only be countenanced and supported when it is apparent that the defendant may be surprised at trial, or unable to meet the charge or make preparations for his defense * * *." (*People v. Cohen* (1922), 303 Ill. 523, 525, 135 N.E. 731.) See also *People v. Jones* (1973), 53 Ill. 2d 460, 464, 292 N.E.2d 361, where the court noted that "[t]he liberalization of criminal pleading also reflects a lessening in importance of the indictment's secondary functions. The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. * * *"

It has also been held that a complaint may be amended prior to trial where it is done openly and with the knowledge of the defendant. (*People v. Clark* (1st Dist. 1973), 13 Ill. App. 3d 491, 301 N.E.2d 62 (abstract).) The court in *People v. Clark*, employed this principle in upholding an amendment to a complaint made immediately prior to trial. The original complaint charged the defendant with a violation of section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 12—3), in that he "slept with" the victim. The amended complaint omitted "slept with" and added "by slapping her" in violation of the statute. This principle was extended further by the court in *People v. Daly* (1st Dist. 1972), 9 Ill. App. 3d 260, 292 N.E.2d 128 (abstract), where our court

allowed not only the wording of a complaint to be amended immediately prior to trial, but also permitted a change in the statute that was violated where the amendment did not prejudice the defendant or take him by surprise.

Moreover, in *People v. Coleman* (1971), 49 Ill. 2d 565, 569, 276 N.E.2d 721, the defendant contended on appeal that his constitutional rights were violated when the trial judge, after hearing the testimony of the witnesses, allowed the State to amend the indictment during the trial. The indictment was amended by interlineation to read as follows: " '* * * Benjamin Arnold, Fred L. Thompson and Ira J. Coleman committed the offense of murder, in that they, intentionally and knowingly stabbed *and/or asphyxiated* and killed Ollie Coleman with a knife, *and/or hands and/or a bed sheet and/or blanket* without lawful justification * * *.' " (Underlined portions added.) (*Coleman*, at 567.) Our supreme court ruled in this case that the defendant could not claim that the allegations in the amendment as to the means of taking the victim's life could have taken him by surprise or that he was unable as a result thereof to adequately prepare his defense to these additional allegations. Specifically, in sustaining the conviction of the defendant, the court stated:

"* * * He has shown no prejudice as a result of the amended allegation but has asserted the mere technical objection thereto. (See *People v. Corder*, 306 Ill. 264, 272.) Under these circumstances the court did not err in permitting the amendment to the indictment." *People v. Coleman* (1971), 49 Ill. 2d 565, 570.

So also in the case at bar, the defendant failed to show that the amendment to the complaint caused him surprise or prejudice. The defense that was brought out in the direct examination of the two defense witnesses and the cross-examination of the State's witnesses was not directed towards proving that a weapon was not concealed, but rather towards proving that the defendant never had a weapon in his possession at all. Two exhibits were introduced by the defense, the officer's arrest report and case report, to impeach Officer White's statement that he clearly saw a gun in the defendant's hand. The defendant stressed the fact that these reports stated that the officer merely saw an "object," rather than a gun in the defendant's hand.

Defense witness Robert Walker, testified that the defendant did not have a gun on his person at the time of the occurrence or at any time during the previous three hours they were together. Diane Walker testified to the same effect, as did the defendant himself. The defendant contended that Officer White did not see a gun in his hand and failed to recover a gun from his person. Hence, the evidence presented by the

defendant clearly failed to demonstrate how he was in any way hampered or prejudiced in the presentation of his defense by the State's amendment to the complaint which was changed in his presence, in open court.

Also to be considered is the fact that the defendant did not request a continuance in the case at bar after the State's motion to amend the complaint was allowed. In *People v. Coleman,* our supreme court in ruling that the defendant did not suffer any prejudice or surprise by the amendment, further stated that "* * * He did not seek a continuance after the amendments were allowed for the purpose of further preparation." (*Coleman,* at 570.) Similarly, in *People v. Berglin* (1923), 309 Ill. 488, 490, 141 N.E. 295, the court enunciated the general rule that:

> "Counsel appointed to represent the defendant on the trial made no motion for a continuance or postponement of the trial and cannot now be heard to complain that he was not allowed time to prepare the defense. If he needed time to prepare he should have made application to the court for postponement to a reasonable time to enable him to make preparation."

In *People v. Sulton* (1st Dist. 1970), 130 Ill. App. 2d 1098, 266 N.E.2d 351, the court stated that when a defendant and his attorney answer ready to proceed to trial, it is presumed that they were ready and were demanding immediate trial and, in the absence of a showing in the record that the defendant either requested or was refused additional time in which to prepare his defense, the reviewing court will not remand for a new trial on the ground that he did not have an adequate opportunity to prepare his defense.

Moreover, in *People v. De Groot* (1st Dist. 1968), 108 Ill. App. 2d 1, 6, 247 N.E.2d 177, the court allowed an amendment of the original ticket complaint which charged that the defendant " '* * * did then and there violate section 47 U.A.R.T. State of Illinois.' " The words "driving a motor vehicle while under the influence of intoxicating liquor" were added by means of a rubber stamp. In sustaining the defendant's conviction, the reviewing court stated "* * * and if he needed further information he could have requested a bill of particulars. But the defendant did not ask for further information; he claimed no surprise and did not request a continuance." (*De Groot,* at 6.) See also *People v. Curtis* (1st Dist. 1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319, where the court noted specifically that the defendants elected to proceed to trial despite their contention that they did not possess all the material information to which they were entitled.

The cases of *People v. Billingsley* (2d Dist. 1966), 67 Ill. App. 2d 292, 213 N.E.2d 765, *People v. Tucker* (1st Dist. 1971), 131 Ill. App. 2d 598, 268 N.E.2d 191, and *People v. Allen* (3d Dist. 1972), 8 Ill. App. 3d 176, 289

N.E.2d 467, cited by the defendant in support of his contention that the trial court abused its discretion by allowing the pretrial amendment to the complaint, are distinguishable from the case at bar. These cases involved the reviewing courts' refusal to permit substantive post-trial amendments which involved the overriding question of jurisdiction. In each case, the complaint was fatally defective since it failed to allege all of the essential elements involved in the particular criminal offense; hence the trial court never had jurisdiction to allow a criminal prosecution to commence. In the instant case, the defendant never raised an issue regarding the validity of the initial charge as stated in the original complaint.

■■ For the foregoing reasons, we conclude that the trial court's allowance of the amendment to the complaint was a proper exercise of discretion and did not constitute prejudicial error warranting a reversal of the defendant's conviction. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.