(No. 38501.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN RICHARDSON, Plaintiff in Error.

*Opinion filed May 20, 1965.*

CHARLES LOCKER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KIS-SANE and WILLIAM J. NELLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

John Richardson was convicted of the offense of attempt (Ill. Rev. Stat. 1963, chap. 38, par. 8—4) in a bench trial in the circuit court of Cook County and sentenced to the Illinois State Penitentiary for a term of 1 to 3 years. He prosecutes this writ of error, contending his constitutional right to a jury trial was not understandingly and knowingly waived, and that the proof failed to establish the material allegations of the indictment or that any crime had in fact been committed.

The common-law record originally filed did not contain a written jury waiver, and defendant argues its absence is corroborative of his contention that he did not knowingly and understandingly waive his right to a jury trial. However, a supplemental record filed by the People does contain a written waiver of jury trial signed by defendant. Additionally, the common-law record states that defendant was fully advised of his right to a jury trial, but that by agreement between the State's Attorney, counsel for defendant and defendant the cause was submitted to the court without a jury. The stenographic transcript reads:

"The Court: Will this be a bench or a jury?

Mrs. Johnstone [the attorney for defendant]: A bench, Your Honor.

The Court: All right. We will hold it for trial. We will call it again.

Mrs. Johnstone: Thank you, Your Honor.

The Court: Take him back. We will call it again.

(Thereupon a short recess was taken, after which the following proceedings were had).

The Court: All right. Bring out the defendant. (Defendant present before the bar).

The Court: Have a seat, please.

Mr. Zimmerman [assistant State's Attorney]: Judge, the defendant, Richardson, has executed a jury waiver.

The Court: All right. Jury waiver."

Whether a jury waiver has been knowingly and understandingly made depends upon the facts and circumstances of each case, and there can be no precise formula for determining whether a waiver is understandingly made. (*People* v. *Palmer*, 27 Ill.2d 311, 313.) Here, the defendant's counsel, directly after stating to the court that there was to be a bench trial, had the opportunity to discuss the merits of this decision with her client during a short recess, after which defendant and his counsel were present in court when the assistant State's Attorney stated that defendant

had executed a jury waiver and the court stated that there was a jury waiver. Moreover, this defendant was no newcomer to criminal proceedings. Merely because the court did not at length discuss the consequences of the jury waiver does not necessarily require a holding that the waiver was not understandingly made. (*People* v. *Nelson,* 17 Ill.2d 509, 511.) While the trial court might well have dwelt at more length on this matter in complying with its duty to insure that the jury waiver was expressly and understandingly made (*People* v. *Surgeon,* 15 Ill.2d 236), we believe that this record indicates that defendant understandingly waived his right to trial by jury.

Defendant's argument that the proof failed to establish the material allegations of the indictment or that a crime had in fact been committed requires reference to the indictment, the pertinent portion of which alleges that defendant "* * * with the intent to commit the offense of theft from the person, and to deprive John Overbea permanently of the use and benefit of his property, attempted to obtain unauthorized control over three dollars in United States Currency, the property of said John Overbea".

John Overbea did not testify. The argument on the People's motion to extend the four-month rule indicates Overbea had been present on some earlier dates to which the cause had been continued, but that he was a "wino", had moved from his former residence and could not be located. Since the State could give no assurance of his production at a later date, the trial court denied the motion for extension.

The testimony indicates that during the early morning hours of November 12, 1962, defendant, together with Overbea and two Chicago Transit Authority police officers, were the sole occupants of a lighted elevated railway car in the city of Chicago. Charles Burke, one of the policemen, testified that as he sat facing forward at the rear of the car he observed the defendant board the car, stand in the aisle next to the seat on which John Overbea was sleeping, and

put his hand into one of Overbea's pockets. Overbea was sitting toward the front of the car dozing beside a window. Burke also testified that as defendant was going through Overbea's pockets, the latter awoke, whereupon defendant commanded him not to move.

Joseph Ezrski, the other police officer, testified that he was sitting across the aisle from where the alleged offense took place. He said that he observed defendant inserting his hand into Overbea's pockets, and heard defendant admonish Overbea not to move. The officers thereupon arrested defendant and he was taken into custody.

Defendant testified that he did not attempt to rob Overbea, that he was in the railway car looking for barber tools that he thought he had left there, that Overbea was coerced by the officers into signing a complaint against him, that the officers beat him, and that the only reason that he was charged was because the officers became angry with him when he denied the offense alleged. In rebuttal, the police officers testified that they did not beat defendant.

Defendant contends that since John Overbea, the complainant, did not testify, it is impossible to ascertain whether defendant's alleged conduct as to him was unauthorized. However, it is clear that defendant did not know the complainant at the time of the incident in question, and there is testimony to the effect that defendant commanded the complainant not to move when the latter awoke while defendant was allegedly going through his pockets. We believe that this evidence is sufficient, if credible, to prove the lack of authorization alleged in the indictment. Consequently, testimony of the intended victim was not essential on this point.

As to the required element of intent, citation of prior authority is unnecessary for the well settled proposition that competent circumstantial evidence may establish criminal intent.

The only real question presented here is whether it was

incumbent upon the State to prove the existence of three dollars as alleged in the indictment. No proof thereof was offered by the People. In *People* v. *Purcell,* 269 Ill. 467, it was held that it was necessary to allege and prove the existence and value of the property attempted to be stolen, as where an attempt is made to steal from the person of one who has nothing of value on his person capable of being stolen no crime has been committed. However, this is no longer the law in Illinois. (See *People* v. *Dogoda,* 9 Ill.2d 198, 203.) Under sec. 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1963, chap. 38, par. 16—1) the value of the property is unimportant when it is taken from the person, as alleged here, and under par. 8—4(a) of the Criminal Code (Ill. Rev. Stat. 1963, chap. 38, par. 8—4(a)) factual impossibility (as distinguished from inherent impossibility) of completion of the offense attempted is not a defense to a charge of attempt. (See committee comments S. H. A., chap. 38, par. 8—4). As a consequence, the allegation of the existence of the three dollars in the indictment herein may be regarded as surplusage.

All that need be shown in a charge of attempt is the intent to commit a specific offense (here, theft from the person) and an overt act constituting a substantial step toward commission of that offense (here, the insertion of defendant's hands into John Overbea's pockets). These elements have been established.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*