THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALBERT E. STOLFO, Defendant-Appellant.

First District (2nd Division)    No. 63121

Opinion filed March 8, 1977.

Edward M. Genson and Theodore M. Becker, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Following a bench trial, defendant, Albert E. Stolfo, was convicted of public indecency (Ill. Rev. Stat. 1973, ch. 38, par. 11—9(a)(3)) and sentenced to 90 days in the House of Correction. On appeal, he contends (1) his jury waiver was not knowingly and voluntarily made; (2) he was not proved guilty beyond a reasonable doubt; and (3) the sentence imposed was constitutionally impermissible.

The record shows defendant was also charged with a violation of the Chicago Municipal Code (ch. 192—7). However, the trial court made no finding on this matter.

## I

At the commencement of trial, the following colloquy ensued in the presence of defense counsel:

"THE COURT: Okay. Mr. Stolfo, you understand now that you have a right to a Jury trial in both of these cases?

DEFENDANT: (Nodding)

> THE COURT: You are giving up your right to a Jury trial, and that you are consenting to be tried by this Court.
> Do you understand that?
> DEFENDANT: I guess so.
> THE COURT: Beg pardon?
> DEFENDANT: Whatever he says.
> THE COURT: I want to know that you understand.
> You know what a Jury trial is?
> DEFENDANT: (Nodding)
> THE COURT: Do you know what a Jury trial is?
> DEFENDANT: Yes, I do.
> THE COURT: Okay. You are giving that up?
> DEFENDANT: (No response)
> THE COURT: Swear the witnesses."

Defendant contends the aforesaid admonition is deficient in demonstrating a waiver; and, if such waiver was made, it does not indicate a knowing waiver. He also suggests that the failure to have a written jury waiver "precludes the court from assuming" he was giving up this right.

■■ We would initially note the record does not disclose that retained defense counsel made any post-trial motion for a new trial. Under such circumstance, it has been recently held that a defendant is precluded from advancing consideration of the propriety of his jury waiver on appeal. *People v. Middleton* (1st Dist. 1976), 43 Ill. App. 3d 1030, 1034-35, 357 N.E.2d 1238.

■■ However, even considering defendant's contention, we find that a waiver was effectively made. The circumstances of each case are determinative as to the validity of a jury waiver. (*People v. Richardson* (1965), 32 Ill. 2d 497, 499, 207 N.E.2d 453.) While the trial court may not perfunctorily discharge its duty to explain the right to a jury trial to an accused, this is not to suggest that an explanation of the ramifications of such waiver is necessary unless there is an indication the accused does not understand his right to a jury trial. (*People v. Ruiz* (1st Dist. 1976), 42 Ill. App. 3d 969, 972, 356 N.E.2d 881.) Moreover, it has been held that the accused's prior involvement with the criminal justice system may be utilized to determine the accused's understanding of this matter. (*People v. Watson* (1972), 50 Ill. 2d 234, 237, 278 N.E.2d 79; *People v. Richardson.*) And the fact a written jury waiver was not secured would not preclude a finding that the waiver was proper. *People v. Brown* (1958), 13 Ill. 2d 32, 34, 147 N.E.2d 336.

■■ It was disclosed in the presentence hearing that defendant had been the subject of criminal proceedings which resulted in his recent conviction for separate offenses of public indecency and disorderly

conduct. Thus, defendant's statement to the trial court that he knew the purpose of a jury trial is supported by this consideration and a more detailed explanation was unnecessary.

■■ Defendant's statement that he thought he would forego his right to a jury trial was sufficient to constitute a waiver of this right in this case. Defendant had been represented by retained counsel for nearly one year prior to commencement of trial on this matter. When questioned by the court, defendant made an obvious reference to his counsel which suggests they had discussed the efficacy of a jury waiver. Counsel at no time disputed that they would proceed with a bench trial. Under the circumstances presented we conclude that defendant waived his right to a jury trial.

## II

■■ Defendant further claims he was not proved guilty beyond a reasonable doubt. The testimony of the complaining witness established that during the morning of June 6, 1974, she received a telephone call from her sister who lived nearby. Their conversation prompted complainant to look out the window of her house and see defendant walking toward it in an easterly direction. He walked south on an intersecting street away from her house. Complainant went outside near the side of her residence to watch defendant who then crossed the street and began to walk northward toward complainant. She re-entered her house and saw defendant approach her residence. However, when her vision was obscured, she again exited her home. There she observed defendant from a distance of several feet. He faced and appeared to be speaking to complainant's retarded daughter who was seated in a doorway. Defendant was also shaking his penis with his hands. Complainant screamed at defendant, who laughed and then ran across the street and through the yard. Complainant followed and saw defendant remove his outer shirt.

The police arrived and saw defendant who ran between two buildings. He was arrested near a garage a short distance from complainant's residence. He was wearing an undershirt at the time. Defendant told the arresting officer he was 56 years old.

Defendant denied he committed the offense. He said he was in the neighborhood conducting his business as an exterminator. He completed his job and was canvassing apartment buildings in the area to solicit business when he was arrested near a street corner.

The determination of guilt in this matter is basically resolved upon the credibility of the witnesses whose testimony was conflicting. The complainant's testimony was sufficient to sustain guilt. While defendant denied committing the offense, the trial court believed complainant. We

have reviewed the record and find complainant's testimony to be clear and convincing. (See *People v. Legel* (2d Dist. 1974), 24 Ill. App. 3d 554, 557, 321 N.E.2d 164.) We cannot say the acceptance of her testimony was improper and there is no basis in the record to conclude that defendant's guilt was not properly established. *People v. Akis* (1976), 63 Ill. 2d 296, 347 N.E.2d 733.

■■ Defendant maintains there was an absence of proof concerning his intent to commit public indecency. That offense is committed when a person lewdly exposes his body with the "intent to arouse or satisfy" his sexual desire. (Ill. Rev. Stat. 1973, ch. 38, par. 11—9(a)(3).) Intent is not always clearly indicated but may be inferred from the circumstances of the case. (*People v. Christ* (4th Dist. 1975), 32 Ill. App. 3d 1014, 1017, 337 N.E.2d 53.) In this case, defendant was walking in the area before he exposed himself to the complainant's daughter and then laughed as complainant screamed at him. We believe the record adequately supports the conclusion that defendant possessed the requisite mental state to sustain his conviction.

### III

■■ Finally, defendant argues that his sentence was constitutionally impermissible because it subjects him to cruel and unusual punishment. At the presentence hearing it was disclosed that defendant had several prior convictions for the same type of offense. Defendant's brief asserts that his record establishes a "pattern of successive violations" for public indecency amounting to "compulsive exhibitionism." Defendant bases his argument on a psychiatric report submitted about 11 months before trial at the request of another judge who initially was assigned this case. The report suggests that defendant is "unable to control his problem." The record does not clearly show this report was ever brought to the attention of the trial court prior to sentencing. Nor did defendant ever raise his present constitutional argument at trial, thus subjecting this position to the application of waiver. *People v. Amerman* (1971), 50 Ill. 2d 196, 197, 279 N.E.2d 353.

Defendant seeks to equate his conduct to that of a drug addict or alcoholic who he says cannot be punished for their addictions. And he says he is being punished because of his "status." He relies principally on *Robinson v. California* (1962), 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417. There a State statute provided a criminal penalty for "anyone addicted to the use of narcotics." The United States Supreme Court noted that State courts could have construed the provisions to pertain only to the "actual use of narcotics within the state's jurisdiction." (370 U.S. 660, 8 L. Ed. 2d 758, 762, 82 S. Ct. 1417.) However, this narrow construction had not been adopted. Rather it appeared that one could be convicted merely

for having the "status" of a narcotics addict even though the individual had no contact with narcotics within the State or committed any irregular behavior therein which resulted from the use of narcotics. The Supreme Court held the statute unconstitutional and it emphasized the narrow limits of its decision to the particular law as construed by State courts. (370 U.S. 660, 668, 8 L. Ed. 2d 758, 763, 82 S. Ct. 1417.) In the present case, defendant's conviction is posited on his overt acts and not his mere status. See Annot., 55 A.L.R. 3d 812, 889 (1974).

Defendant's remaining authorities are also inapposite. In *Sweeney v. United States* (7th Cir. 1965), 353 F.2d 10, the defendant was placed on probation conditioned, *inter alia,* upon his abstention from alcohol. His probation was thereafter revoked for breach of this condition even though the trial court knew he was a chronic alcoholic. The Federal court of appeals found this condition of probation to be unreasonable, and it noted that expert or psychiatric evidence might be introduced to show alcoholism destroyed his volition.

Other cases cited by defendant involve incarceration of chronic alcoholics for public drunkenness. In each case the Federal courts remarked that evidence clearly showed the defendant's conduct was rendered uncontrollable by alcoholism. *Driver v. Hinnant* (4th Cir. 1966), 356 F.2d 761; *Easter v. District of Columbia* (D.C. Cir. 1966), 361 F.2d 50.

■■ In the present case there was no evidence showing defendant's volition was overcome as to render his actions completely beyond his control. No psychiatric or other expert testimony was proffered in this regard. The only support in the record for defendant's position is his self-serving statement made to a psychiatrist; and, as previously noted, the record does not definitely indicate this report was brought to the court's attention during the sentencing hearing. Moreover, defendant's prior convictions appear to have occurred several years prior to the incident in question. This factor further distinguishes the case at bar from those cited by defendant for it suggests defendant had not lost control of his ability to conform his conduct to law.

We are of the further opinion that the sentence imposed in this case was not excessive in view of the nature of the offense and defendant's prior criminal record as heretofore noted.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.