THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOSEPH B. MILLER, Defendant-Appellant.

First District (3rd Division)   No. 63186

Opinion filed December 21, 1977.

James J. Doherty, Public Defender, of Chicago (David W. Hirschboeck, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Paul Benjamin Linton, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

In a bench trial the defendant, Joseph Miller, was found guilty of driving a motor vehicle while under the influence of intoxicating liquor (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501(a)). Miller was fined $505; no jail sentence was imposed. From the judgment of conviction this appeal has been brought.

Miller, then a 20-year-old student, was arrested by Officer Paul W. Barkley of the Midlothian Police Department on June 21, 1975. He was charged by complaint with driving under the influence of intoxicating liquor. On September 19, 1975, the defendant appeared before the court and the following colloquy took place:

"The Court: Are you Mr. Joseph Miller?

Defendant: Yes, sir.

The Court: Are you represented by counsel?

Defendant: No, sir.

The Court: Do you want to be?

Defendant: I couldn't afford it, Your Honor.

The Court: Are you employed?

Defendant: No, sir.

The Court: You have one charge here, sir, that is punishable by up to a year in jail, a thousand dollar fine or both, driving under the influence of intoxicating liquor. If you want to fill out a financial statement we can determine from that whether you qualify for the Public Defender.

Defendant: Fine, Your Honor.

The Court: How old are you?

Defendant: Twenty.

The Court: Are you employed?

Defendant: Part time, Your Honor.

The Court: Do you live with your parents?

Defendant: Yes.

The Court: Is your father employed?

Defendant: Yes.

The Court: Does he own his own home?

Defendant: Yes, sir.

The Court: You are not qualified. I can tell you that now. If you insist on going to trial without a lawyer, I'll hear your case now, but you are not qualified for the Public Defender, for you are living at home with your parents and your dad owns his own home. If you were living away from home, if you were emancipated, not living with your parents, that's different, but you are living with your parents and they should provide the funds for your legal assistance.

Defendant: Most of the money pays for my tuition, for my expenses.

The Court: Are you ready for trial or would you like to talk to your parents about this?

Defendant: I'll go to trial.

The Court: Do you waive your right to a jury trial and you want to be tried by this court?

Defendant: Yes.

The Court: I cannot deny you the right to act as your own lawyer, if you insist. Swear the witnesses."

The court then admitted the testimony of Officer Barkley and the results of a breathalizer test which was taken by the defendant on June 21, 1975. Miller attempted to cross-examine Officer Barkley. Testifying in his own behalf, the defendant denied that he was intoxicated at the time of the arrest and stated that he was observed to be swerving in traffic because of the failure of the driver in front of him to signal that she was going to turn. The court found the defendant guilty as charged.

Both of the issues presented to this court concern the above-quoted colloquy between the court and Miller. The defendant claims that he was denied a right to appointed counsel at trial and that he did not make a knowing and understanding waiver of his right to trial by jury. No issue is raised with respect to the sufficiency of the evidence to sustain the conviction.

■■ At oral argument in this court, the defendant waived the first issue based on the recent decision of the supreme court in the case of *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881. In *Scott* the court declined to extend either the constitutional or a statutory right to appointed counsel beyond those instances in which imprisonment is actually imposed upon conviction. The court in *Scott* specifically rejected the argument advanced here that the right to appointed counsel in cases of indigency attaches whenever an offense carries the possibility of a jail sentence. Consequently, the import of the United States Supreme Court's decision

in the case of *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, remains limited in Illinois to fact situations involving actual imprisonment.

■■ ■ With respect to the second contention that Miller did not knowingly and understandingly waive the right to trial by jury, we decline to treat this matter as having been waived by the failure of the public defender to specifically argue the issue in the post-trial motion. Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)) permits us to notice defects affecting substantial rights even though they were not brought to the attention of the trial court. We further decline to treat the matter as having been waived by the failure of the defendant to show actual prejudice. The right to trial by jury is one which emanates from constitutional principles, and where the error is based upon an insufficient waiver of that right the burden falls upon the State to demonstrate that such error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) We are unable to do more than speculate as to the outcome of this cause in the event that it were to be tried before a jury.

■■ Under the circumstances presented, involving as they do a fundamental right of the accused, we feel compelled to give effect to that legislation in our State which implements the constitutional principles guaranteeing the right to trial by jury. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8.) Section 103—6 of the Code of Criminal Procedure of 1963 enunciates a rule of law which states:

> "Every person accused of an offense shall have the right to a trial by jury *unless understandingly waived by defendant in open court.*" (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, par. 103—6.)

There is no question that this rule is applicable to the instant case involving a misdemeanor punished by a fine only. (See *People v. Rosen* (1970), 128 Ill. App. 2d 82, 261 N.E.2d 488.) The problem which confronts us is whether the record of the trial court proceedings reflects compliance with the rule. We are mindful of the many judicial pronouncements which indicate that no special formula exists which determines compliance (see, *e.g., People v. Wesley* (1964), 30 Ill. 2d 131, 195 N.E.2d 708; *People v. Geary* (1972), 8 Ill. App. 3d 633, 291 N.E.2d 13; *People v. Bradley* (1970), 131 Ill. App. 2d 91, 266 N.E.2d 469), that a lengthy explanation of the consequences of a jury waiver is unnecessary (see, *e.g., People v. Stolfo* (1977), 46 Ill. App. 3d 616, 361 N.E.2d 101; *People v. Ruiz* (1976), 42 Ill. App. 3d 969, 356 N.E.2d 881; *People v. Geary; People v. Bradley*), and that the decision in each case will depend upon the court's consideration of the particular facts disclosed by the record as a whole. (See, *e.g., People v. Richardson* (1965), 32 Ill. 2d 497, 207 N.E.2d 453; *People v.*

*Wesley; People v. Stolfo; People v. Ruiz; People v. Geary; People v. Bradley.*) However, we are also mindful of the fact that in the *Wesley* case we were instructed that it is the duty of the trial court to determine that a jury waiver is expressly and understandingly made. It is further evident that the discharge of this duty may not be accomplished in a perfunctory manner. See *People v. Surgeon* (1958), 15 Ill. 2d 236, 154 N.E.2d 253.

The State contends that the waiver of trial by jury was effective, not only because of the unequivocal "yes" response to the trial court's question, but also because of assumptions flowing from Miller's prior experience with the criminal justice system. Prior cases have referred to a defendant's prior experience before the court as an element to be considered in determining whether an understanding waiver of a jury has been made (see, *e.g., People v. Watson* (1972), 50 Ill. 2d 234, 278 N.E.2d 79; *People v. Richardson*); however, we are not aware of any decision which has made this element decisive, particularly under circumstances equivalent to those now presented. The defendants in both *Watson* and *Richardson* were represented by counsel. Moreover, Watson's claim of ineffective waiver was made following a conviction upon a plea of guilty and it was evident that his prior experience imputed to him the knowledge that such a plea entailed the waiver of a jury trial. In *Richardson* the jury waiver was made by the defendant's attorney in open court and in the presence of the defendant. See *People v. Sailor* (1969), 43 Ill. 2d 256, 253 N.E.2d 397.

■■ The record before us is silent with respect to whether or not Miller's prior experience with the criminal justice system encompasses familiarity with the concept of his right to a jury trial in the instant case. We know only that Miller was convicted of some offense reduced from a charge of armed robbery, and that he was on probation at the time of the trial. We cannot say that these factors sustain the assumption that he was informed of his rights in a prior proceeding, or that his age and experience in life in general will imply an understanding waiver in this cause. Moreover, since it is the duty of the trial court to determine the effectiveness of the jury waiver, we fail to see how prior experience is relevant to an inquiry which preceded the court's familiarity with this experience.

If the waiver of the right to trial by jury was effective, it was so at the time Miller responded, "yes," when the court asked, "Do you waive your right to a jury trial and you want to be tried by this court?" Considered in context, this question and answer can be seen only as a perfunctory attempt to elicit some response from the defendant. The question followed upon a relatively lengthy dialogue, concerned solely with Miller's right to representation by counsel and eligibility for assistance by the public defender. The question and its response do not reveal that Miller understood the concept of a jury trial, that he understood that he was

entitled to demand a jury trial, or that he knowingly waived that entitlement in favor of trial by the court. Moreover, nothing in the record indicates that the court was capable of inferring such understanding or knowledge from a simple "yes" to an ambiguous and leading question. In *People v. Bell* (1968), 104 Ill. App. 2d 479, 244 N.E.2d 321 (supplemental opinion upon denial of rehearing), the court stated:

> " 'It takes but a few moments of a trial judge's time to directly elicit from a defendant a response indicating that he understand that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers.' " See also, *People v. Chitwood* (1977), 67 Ill. 2d 443, 448-49, 367 N.E.2d 1331.

■■ We hold that under the circumstances of this case the record fails to establish that the defendant understandingly waived his constitutional right to trial by jury as required by section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—6). Accordingly, the judgment of conviction and the sentence of the Circuit Court of Cook County are reversed, and this cause is remanded for a new trial.

Reversed and remanded.

McNAMARA and JIGANTI, JJ., concur.