THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEO MURFF, Defendant-Appellant.

First District (1st Division)    No. 78-167

Opinion filed March 19, 1979.

---

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and James M. Thunder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Leo Murff, was convicted in a bench trial of the offense of simple battery and sentenced to a term of two years probation, with a condition that he receive out-patient psychiatric treatment at the Illinois Psychiatric Institute. On appeal, the defendant has raised the issue as to whether the defendant expressly waived his right to a trial by jury.

The following proceedings took place at the outset of defendant's trial on May 24, 1977:

"CLERK: Leonard Murph, Roger Figenbaum, complainant.

COURT: Mr. Morrissey [assistant public defender], what do you have to report?

MR. MORRISSEY: The defendant, in this case, pleads not guilty, asking for immediate trial.

COURT: You are satisfied he understands the nature of the charge, can cooperate with you?

MR. MORRISSEY: Yes.

COURT: Mr. Murph, you are charged with battery, on Roger Figenbaum, you plead not guilty, is that correct?

DEFENDANT: Yes.

COURT: You want to be tried by me today?

DEFENDANT: Since I wouldn't be allowed to have a continuance, I guess I would have to.

COURT: We are going to resolve it today. When you do, Mr. Murph, you waive your right to a jury trial, that means you give up your opportunity to have on trial your case before twelve people from throughout the community, and those people would determine your guilt or innocence.

Do you understand that?

DEFENDANT: Your Honor, I also have a witness, but the witness isn't here today.

COURT: Well, I am denying your continuance, Mr. Murph, because the case had been up sometime already, and we have to go to trial today."

The matter then proceeded to trial, without a jury, resulting in the conviction of the defendant.

The common law record discloses that on March 18, 1977, the Psychiatric Institute of the Circuit Court of Cook County issued a report to the court following a psychiatric examination of defendant of "schizophrenia, paranoid type." The record also discloses that defendant failed to file a post-trial motion and the State contends that such failure has resulted in a waiver of the issue raised on appeal.

"COURT: Two years probation, adult probation department, and a condition that he receive out patient psychiatric treatment at the Illinois Psychiatric Institute, which you are doing now, is that correct?

DEFENDANT: Yes, sir.

COURT: You are supposed to be there for medicine?

DEFENDANT: Yes, sir.

COURT: Do you understand that is a condition of your probation. You do not, without the probation department coming to me and telling me that you no longer are in need of any sort of out patient treatment. If you do not seek that psychiatric treatment, I am going to violate your probation and have to send you to jail.

Do you understand that?

DEFENDANT: Yes, sir."

The single issue raised concerns the above-quoted colloquy between the court and defendant. The defendant claims that he did not make a knowing and understanding waiver of his right to trial by jury and relies upon *People v. Miller* (1977), 55 Ill. App. 3d 1047, 371 N.E.2d 917, to support said claim.

In *People v. Miller* (1977), 55 Ill. App. 3d 1047, 1050-51, this court stated:

"With respect to the second contention that Miller did not knowingly and understandingly waive the right to trial by jury, we decline to treat this matter as having been waived by the failure of the public defender to specifically argue the issue in the post-trial motion. Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)) permits us to notice defects affecting substantial rights even though they were not brought to the attention of the trial court. We further decline to treat the matter as having been waived

by the failure of the defendant to show actual prejudice. The right to trial by jury is one which emanates from constitutional principles, and where error is based upon an insufficient waiver of that right the burden falls upon the State to demonstrate that such error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) We are unable to do more than speculate as to the outcome of this cause in the event that it were to be tried before a jury.

Under the circumstances presented, involving as they do a fundamental right of the accused, we feel compelled to give effect to that legislation in our State which implements the constitutional principles guaranteeing the right to trial by jury. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8.) Section 103—6 of the Code of Criminal Procedure of 1963 enunciates a rule of law which states:

> 'Every person accused of an offense shall have the right to a trial by jury *unless understandingly waived by defendant in open court.*' (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, par. 103—6.)

There is no question that this rule is applicable to the instant case involving a misdemeanor punished by a fine only. (See *People v. Rosen* (1970), 128 Ill. App. 2d 82, 261 N.E.2d 488.) The problem which confronts us is whether the record of the trial court proceedings reflects compliance with the rule. We are mindful of the many judicial pronouncements which indicate that no special formula exists which determines compliance (see, *e.g., People v. Wesley* (1964), 30 Ill. 2d 131, 195 N.E.2d 708; *People v. Geary* (1972), 8 Ill. App. 3d 633, 291 N.E.2d 13; *People v. Bradley* (1970), 131 Ill. App. 2d 91, 266 N.E.2d 469), that a lengthy explanation of the consequences of a jury waiver is unnecessary (see, *e.g., People v. Stolfo* (1977), 46 Ill. App. 3d 616, 361 N.E.2d 101; *People v. Ruiz* (1976), 42 Ill. App. 3d 969, 356 N.E.2d 881; *People v. Geary; People v. Bradley*), and that the decision in each case will depend upon the court's consideration of the particular facts disclosed by the record as a whole. (See, *e.g. People v. Richardson* (1965), 32 Ill. 2d 497, 207 N.E.2d 453; *People v. Wesley; People v. Stolfo; People v. Ruiz; People v. Geary; People v. Bradley.*) However, we are also mindful of the fact that in the *Wesley* case we were instructed that it is the duty of the trial court to determine that a jury waiver is expressly and understandingly made. It is further evidence that the discharge of this duty may not be accomplished in a perfunctory manner. See *People v. Surgeon* (1958), 15 Ill. 2d 236, 154 N.E.2d 253."

As in *Miller* the State contends in the instant case that the waiver was effective and additionally that the evidence was not closely balanced and that defendant received a fair trial. The State also contends that the defendant was a bright young man and was about to graduate as an electrical engineer.

■■ ■ The State has attempted to distinguish the *Miller* case by the assertion that in *Miller* the defendant was never informed about the nature of a jury trial, whereas in the instant case, the defendant was. We reject such argument and follow the reasoning of the *Miller* case and decline to treat the issue as having been waived by the failure to include the same in a post-trial motion, or that defendant understandingly waived his right to a jury trial.

The colloquy between the court and defendant:

"COURT: You want to be tried by me today?

DEFENDANT: Since I wouldn't be allowed to have a continuance, I guess I would have to.

COURT: We are going to resolve it today. When you do, Mr. Murph, you waive your right to a jury trial that means you give up your opportunity to have on trial your case before twelve people from throughout the community, and those people would determine your guilt or innocence.

Do you understand that?

DEFENDANT: Your Honor, I also have a witness, but the witness isn't here today.

COURT: Well, I am denying your continuance, Mr. Murph, because the case had been up sometime already, and we have to go to trial today."

fails to reveal that defendant understood the concept of a jury trial, or that he understood that he was entitled to demand a jury trial, or that he knowingly waived that right in favor of a trial by the court. (*People v. Mitchell* (1974), 21 Ill. App. 3d 171, 315 N.E.2d 101.) It may also be noted that in view of the colloquy at the time of sentencing, the court was mindful that defendant was then receiving treatment from the Illinois Psychiatric Institute and a greater concern or consideration may have been necessary.

We hold that under the facts and circumstances of this case the defendant did not knowingly and understandingly waive a trial by jury and the case is remanded for a new trial.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.