THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD MONTGOMERY, Defendant-Appellant.

First District (2nd Division)    No. 80-2734

Opinion filed June 2, 1981.

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Mark E. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Following a bench trial defendant was convicted of aggravated assault (Ill. Rev. Stat. 1979, ch. 38, par. 12—2(a)(1)) and resisting a peace officer (Ill. Rev. Stat. 1979, ch. 38, par. 31—1) and was sentenced to concurrent terms of nine months in the Cook County Department of Corrections.

On May 29, 1980, at approximately 5:30 p.m., Officer Andrew Stebel and Officer Michael Romano of the Chicago Heights Police Department were patrolling in the vicinity of 1500 South Wentworth Avenue in a marked squad car. Defendant and two other men were walking in the area of Wentworth and 16th Street. Officer Stebel stopped the squad car near the curb and Officer Romano had a conversation with one of the men. At the time defendant and the third man began "screaming and yelling" obscenities. Approximately 20 people were where they could hear the obscenities. The men continued to shout obscenities for approximately five minutes after being warned by the officers to stop or else they would be arrested for disturbing the peace. When the officers attempted to arrest the men, they eluded capture.

Approximately one-half hour later, the officers spotted the fleeing suspects in the front yard of defendant's home. The police entered the home to arrest defendant who was hiding in a bedroom. Defendant then emerged from the bedroom and pointed a blue steel handgun at the officers. Officer Crescenti testified that when he saw defendant point the gun at him, he "ducked" and aimed his service revolver at defendant who then retreated into the bedroom. When defendant later emerged weaponless from the bedroom, he began a scuffle with the officers and was thereafter handcuffed and arrested. While Officer Romano was attempting to handcuff defendant, defendant "punched" him in the mouth. Following defendant's arrest, the gun was recovered from the bedroom.

Defendant denied assaulting any officer with the gun. He testified that when the police arrived, he went to the bedroom and shut the door, so that it was open only a "crack." He further testified that he had a "black stick" in his hands when he emerged from the bedroom. However, defendant could not remember where he had acquired the stick, nor the present whereabouts of the stick. Defendant also testified that when he tried to raise his hands, Officr Crescenti grabbed him and threw him down, and that all his actions were in self-defense.

I

Defendant contends that the "State failed to prove that [he] committed aggravated assault as charged" and therefore his conviction for aggravated assault must be reversed. In support of this contention defendant, noting that the first time Officer Romano saw the gun was

after defendant had been arrested and removed from the bedroom, argues:

> "Officer Crescenti testified that the weapon was pointed at him. [Defendant] was not charged with assaulting Crescenti, however. Thus, even if Crescenti's testimony were credible on this issue, it would not support the charge that [he] assaulted Romano."

In so arguing, defendant, citing *People v. Tiller* (1978), 61 Ill. App. 3d 785, 795, 378 N.E.2d 282, 290, relies upon the proposition that "if an alleged victim is unaware of the presence of a gun, he cannot be found to have been assaulted by the weapon." Defendant cites no other authority and makes no further argument.

We have no quarrel with the proposition enunciated in *Tiller*. However, although defendant couches his argument in terms of reasonable doubt and "total insufficiency" of the evidence, it is our opinion that his argument addresses whether there was a fatal variance between the complaint and the evidence which resulted in his conviction. The complaint alleges that defendant had

> "* * * on or about 29 May 1980 at 1411 Center ave, Chgo. Hts. Cook County, Ill committed the offense of Aggravated Assault in that he while using a deadly weapon, a Colt, 6 shot, snub nosed revolver, loaded with 6 rounds of .38 cal ammunition, serial 931788, did, without lawful authority point the weapon at officers which placed ofc. Michael Romano in reasonable apprehension of receiving a battery."

The evidence adduced at trial demonstrates beyond a reasonable doubt that Officer Crescenti was placed in reasonable apprehension of receiving a battery.[1] However, there was no proof adduced at trial that Officer Romano was placed in reasonable apprehension of receiving a battery. Defendant failed to raise this issue in his motion for a directed verdict and in his closing argument. No post-trial motions were filed.

When a complaint is attacked for the first time on appeal, its sufficiency must be judged by whether or not it apprised the accused of the precise offense charged with sufficient specificity to allow him to prepare his defense and to plead a resulting conviction as a bar to future prosecution arising out of the same conduct. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437.) Much the same standard has been applied to cases where it is alleged for the first time on appeal that there was a variance between the pleading and the proof at trial. (*People v. Johnson* (1976), 65 Ill. 2d 332, 337, 357 N.E.2d 1166.) "In such an instance, to vitiate a trial, a variance between the allegations in a criminal complaint and the

---

[1] Defendant does not argue that the evidence adduced at trial does not establish beyond a reasonable doubt that Officer Crescenti was placed in reasonable apprehension of receiving a battery.

proof at trial 'must be material and be of such character as may mislead the accused in making his defense or expose him to double jeopardy.' *People v. Figgers* (1962), 23 Ill. 2d 516, 518-19; accord, *People v. Johnson* (1976), 65 Ill. 2d 332, 337; *People v. Pujoue* (1975), 61 Ill. 2d 335, 339; *People v. Nelson* (1965), 33 Ill. 2d 48, 52, *cert. denied* (1966), 383 U.S. 918, 15 L. Ed. 2d 671, 86 S. Ct. 911." *People v. Davis* (1980), 82 Ill. 2d 534, 539, 413 N.E.2d 413.[2]

■■ Examination of the early authorities in this State discloses that, where the name of the victim of the offense, or the defendant, does not come under the *idem sonans* doctrine,[3] the variance is fatal. "In more recent cases it is held that a variance as to names alleged in a complaint or indictment, and those proved by evidence, is not regarded as material unless some substantial injury is done to the accused thereby." (*People v. Ferraro* (1979), 79 Ill. App. 3d 465, 468, 398 N.E.2d 1001.) In summary, the modern approach to the question is not necessarily based upon *idem sonans* but is based upon whether the complaint sufficiently advises the defendant of the material elements involved. Unless it appears to the court that either the jury was misled or that some substantial injury was done to the accused whereby he was unable to intelligently make his defense, or was exposed to the danger of a second trial on the same charge, the alleged misnomer may not be reversible error.

In the case of *People v. Simpkins* (1971), 48 Ill. 2d 106, 268 N.E.2d 386, defendants were charged by complaints with disturbing the peace by firing a revolver. The State's case, however, did not establish that defendants fired any shots, but only that they disturbed the peace by participating in a gang fight. Defendants, relying upon *Figgers*, contended that there was a fatal variance between the complaints and the evidence because they were misled in making their defenses. They took the stand to rebut the charge that any of them had fired a weapon, only to be convicted of the same disturbing-the-peace charge because they participated in a gang fight. Our supreme court rejected the defendants' contentions in *Simpkins* because they did not claim that due to the language of the complaint they had omitted to put before the court any facts bearing upon their guilt or innocence.

In *People v. Harris* (1970), 46 Ill. 2d 395, 263 N.E.2d 35, defendant was accused of armed robbery, defined by sections 18—1 and 18—2 of

---

[2] "The Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3) requires that [a complaint] set forth the nature and the elements of the offense charged. To be fatally defective, the variance must be material and of such character as to mislead the accused in making his defense (*People v. Bonner* (1977), 55 Ill. App. 3d 411, 416, 371 N.E.2d 78, 81) or expose him to double jeopardy (*People v. Johnson* (1976), 65 Ill. 2d 332, 337, 357 N.E.2d 1166, 1168)." *People v. McGee* (1979), 72 Ill. App. 3d 576, 581, 391 N.E.2d 5.

[3] The doctrine of *idem sonans*, although not applicable here, applies where the name alleged in the complaint and the proper name would, in ordinary enunciation, be indistinguishable. *People v. Caponetto* (1934), 359 Ill. 41, 44, 194 N.E. 231.

the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, pars. 18—1 and 18—2) as the taking of property from the person or presence of another while armed with a dangerous weapon by (1) the use of force or (2) threatening the imminent use of force. The indictment charged defendant with the use of force. The evidence at trial, however, proved only that he threatened the imminent use of force. Our supreme court dismissed the contention that a fatal variance existed between the indictment and the proof, characterizing defendant's argument as "frivolous and without merit." Defendant petitioned for a writ of habeas corpus. The United States District Court for the Northern District of Illinois, in an opinion which the United States Court of Appeals later adopted, denied the writ because "petitioner was advised by the indictment of the nature of the charges against him so as to enable him to prepare his defense; and had he been acquitted, he could have pleaded the judgment in bar of any further prosecution for the same offense." *United States ex rel. Harris v. Illinois* (7th Cir. 1972), 457 F.2d 191, 197.[4]

In the case at bar, even more clearly than in *Harris* or *Simpkins*, defendant has not shown that he was prejudiced in making his defense by the variance between the charge and the proof. Like the defendants in *Simpkins*, he has not claimed that the language of the complaint induced him to withhold evidence. Nor has he alleged, as the defendants in *Simpkins* did, that his defense turned upon the language used in the complaint. Montgomery's defense was not that he did not assault Officer Romano. Instead he denied assaulting any officer with a gun. Had the complaint charged that he assaulted Officer Crescenti rather than Officer Romano, his defense would have remained unchanged. Since the only issue he contested was whether he had a gun in his hand, the distinction between Officer Romano and Officer Crescenti could not have misled him in preparing his defense.

■■ Nor is defendant exposed to the possibility of double jeopardy. The complaint names the offense, the place and the date. The complaint further alleges that defendant "point[ed] the weapon at officers." Further, if any future prosecution were attempted, prior prosecution on the same facts may be proved by resort to the record. (*People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361; *People v. Rance* (1979), 68 Ill. App. 3d 639, 386 N.E.2d 566.)[5] Thus, it is our opinion that under the circumstances

---

[4] See also *People v. Taylor* (1980), 84 Ill. App. 3d 467, 405 N.E.2d 517; *People v. Clark* (1979), 71 Ill. App. 3d 381, 389 N.E.2d 911.

[5] It has been held that "[w]here an indictment charges an offense either against persons or property, the name of the person or property injured, if known, must be stated, and the allegation must be proved as alleged." (*People v. Walker* (1955), 7 Ill. 2d 158, 161, 130 N.E.2d 182.) The purpose served "by alleging the name of the person or property injured is to enable the accused to plead either a former acquittal or conviction under the indictment in the event of a second prosecution for the same offense." *Walker*, 7 Ill. 2d 158, 161.

presented in the case at bar, the variance between the complaint and proof is not fatal.[6]

## II

Defendant also contends that he was deprived of his right to a jury trial as guaranteed by the United States and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8). Defendant argues that the record contains no indication that he knew or had been informed of his right to a jury trial, or to the consequence of its waiver. The State points to the notation "JW" on the memorandum of orders for the date of trial as establishing that a knowing and understanding waiver was made by defendant.

■■ Unquestionably the issue before us is one affecting substantial rights fully applicable to a misdemeanor case (*People v. Murff* (1979), 69 Ill. App. 3d 560, 563, 387 N.E.2d 920; *People v. Rosen* (1970), 128 Ill. App. 2d 82, 261 N.E.2d 488); therefore, pursuant to Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)), we decline to treat it as having been waived because it was not brought to the attention of the trial court. *Murff*, 69 Ill. App. 3d 560, 564; *People v. French* (1980), 84 Ill. App. 3d 60, 61, 404 N.E.2d 1136; *People v. Miller* (1977), 55 Ill. App. 3d 1047, 1050, 371 N.E.2d 917.

■■ Waiver of the right to be tried by a jury cannot be presumed from a silent record. (*Boykin v. Alabama* (1969), 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) Considering the record as a whole (*People v. Williams* (1963), 27 Ill. 2d 327, 329, 189 N.E.2d 314), we cannot find that defendant made a knowing and understanding waiver of his right to a jury trial. Save for the notation "JW" on the half-sheet for the trial date, the record, which contains the trial transcript, is totally devoid of any indication that the trial court explained the right to a jury trial to defendant, or that he was otherwise apprised of it. Even accepting the presence of those letters as the court's statement that the right to a jury trial was waived, it is not necessarily determinative (see *People v. Hunter* (1971), 3 Ill. App. 3d 480, 278 N.E.2d 533 (abstract)), and to assume that defendant was advised or aware of the consequences of the purported jury waiver before making it would be wholly conjectural. The State alleges that certain remarks by the court were sufficient to advise defendant of his right to a jury trial.

---

[6] Similarly in *People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361, defendant was charged by indictment with the armed robbery of Charles Mundy. On the morning of trial the State moved to amend the indictment by substituting the name Delbert R. Mundy for Charles Mundy, and the motion was granted over defendant's objection. Testimony at trial established that Charles Mundy was Delbert R. Mundy's son. Our supreme court stated: "A holding that the identity of an armed-robbery victim is an essential allegation of an indictment charging that offense is, however, not dispositive of the issue of whether the misstatement of identity is a formal or substantial defect." The court noted the "trend away from the formalism which characterized criminal pleading in the past" and held the amendment to be a mere formality. *Jones*, 53 Ill. 2d 460, 464.

Following a recess, during hearing on the motion to suppress, the court stated, "We are back in session. The four defendants are before the bench." Also during the hearing on the motion to suppress, the following colloquy occurred:

" [Assistant State's Attorney]: Objection. This is a Motion to Suppress. We are not going into the case in chief. I don't feel the State has to prove its—

[Defense Counsel]: I feel the State has to show probable cause for the arrest.

THE COURT: Your objection is noted for the record. It is a bench. It is a Motion to Suppress. Counsel may continue her argument."

It is fanciful to conclude, as the State urges, that these remarks, taken in their proper context, can be construed to demonstrate that defendant understood the concept of a jury trial, his entitlement to demand one, or a knowing waiver of that right in favor of a trial by the court. Moreover, the State does not allege any evidence *dehors* the record that defendant was so informed, nor does the record appear to be incomplete. *Cf. People v. Brown* (1977), 50 Ill. App. 3d 348, 352-53, 365 N.E.2d 907.

By contrast, in the cases relied upon by the State the record reflected that the defendant knew of his right to a jury trial as shown by a prior jury demand in the same case (*People v. Gentry* (1977), 48 Ill. App. 3d 900, 363 N.E.2d 146), or that the certified report of proceedings were modified to include the trial judge's trial notes, and the common law record reflected, "Defendant advised of his right to a jury trial. Defendant waives jury trial." (*People v. Feather* (1976), 42 Ill. App. 3d 974, 356 N.E.2d 885.) We have reviewed all the cases cited by the State in support of its position but fail to find them factually analogous.

Accordingly the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

HARTMAN, P. J., and DOWNING, J., concur.