THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK VILLAREAL, Defendant-Appellant.

Second District   No. 81—1019

Opinion filed May 5, 1983.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, and Harry E. Johnson, of Batavia, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, Frank Villareal, was charged by complaint with battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a)(1)) and two counts of resisting a peace officer (Ill. Rev. Stat. 1979, ch. 38, par. 31—1); he was also charged in a traffic citation and complaint with operating a motor vehicle without a valid Illinois registration sticker (Ill. Rev. Stat. 1979, ch. 95½, par. 3—701(1)). Subsequently, he was convicted of battery, both counts of resisting a peace officer, and having an invalid registration sticker. The defendant was sentenced on the battery charge to 30 days in the county jail and also to a one-year term of probation for the battery and each of the resisting offenses, the terms of probation to be served concurrently. Also, he was ordered to pay $35 in court costs for each of the preceding three offenses. Lastly, he was ordered to pay $20 in court costs as a result of his conviction of having an invalid registration sticker. The defendant appeals.

■ The defendant first contends on review that the trial court, by requiring the public defender to go to trial only four hours after he was appointed to represent the accused, effectively denied the defendant his right to counsel. The gravamen of his contention is that the four-hour hiatus gave the public defender time to conduct only the most cursory interview with the defendant.

Every criminal defendant is entitled to a reasonable time and a full opportunity to prepare his defense for trial. (*People v. Hambleton* (1948), 399 Ill. 388, 393.) However, it is equally clear that where counsel made no motion for a continuance or postponement of the trial, he cannot be heard to complain later that he was not allowed sufficient time to prepare a defense. If he needed time to prepare, he should have moved the trial court for a continuance or postponement for a reasonable period to enable him to make his preparation. (*People v. Berglin* (1923), 309 Ill. 488, 490; accord, *People v. Reed* (1977), 55 Ill. App. 3d 397, 402.) Thus, in light of the absence of a request for a continuance of the cause to give counsel additional time to confer with the defendant or to investigate and subpoena witnesses, the defendant's contention that he was effectively denied his right to counsel by the trial court's action must be rejected, for the trial court had no reason to believe that additional time was needed for preparation or that any prospect existed for fruitful investigation. *People v. Coleman* (1970), 45 Ill. 2d 466, 468, *cert. denied* (1970), 400 U.S. 845, 27 L. Ed. 2d 82, 91 S. Ct. 91; see *People v. Sulton* (1970), 130 Ill. App. 2d 1098, 1103.

■ The second contention which the defendant argues before this court is that he did not knowingly and understandingly waive his

right to have a jury trial on the four offenses with which he was charged. Section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 103—6), which implements the constitutional guarantees of the right to trial by jury, provides that each person charged with an offense shall have the right to a jury trial unless the defendant understandingly waives that right in open court. (*People v. Coleman* (1978), 59 Ill. App. 3d 1050, 1052; *People v. Miller* (1977), 55 Ill. App. 3d 1047, 1050.) The rule is applicable in cases involving a misdemeanor which is punishable by a fine only. *People v. Murff* (1979), 69 Ill. App. 3d 560, 562-63, citing 55 Ill. App. 3d 1047, 1050.

While the trial court may not perfunctorily discharge its duty to explain the right to a jury trial to an accused, an explanation of the ramifications of a waiver of that right is unnecessary unless there is an indication that the accused did not understand his right to a trial by jury. (*People v. Stolfo* (1977), 46 Ill. App. 3d 616, 618; *People v. Ruiz* (1976), 42 Ill. App. 3d 969, 972.) However, it is well established that the trial court must ensure that the defendant made a knowing and understanding waiver of his right to a jury trial. (*People v. Brownstein* (1982), 105 Ill. App. 3d 459, 462; *People v. Walton* (1979), 77 Ill. App. 3d 905, 906.) Lastly, it is axiomatic that the waiver of the right to a trial by jury cannot be presumed from a silent record. *People v. Brownstein* (1982), 105 Ill. App. 3d 459, 462; *People v. Montgomery* (1981), 96 Ill. App. 3d 994, 999; *People v. Rettig* (1980), 88 Ill. App. 3d 888, 889; *People v. Gaston* (1971), 132 Ill. App. 2d 900, 901; *People v. Bradley* (1970), 131 Ill. App. 2d 91, 93.

Here, after informing the accused that he had been charged with battery and two counts of resisting a peace officer, the trial court asked the defendant whether he wished to be tried by the court or a jury. The defendant responded that he wanted the court alone to conduct the trial. The court below also inquired whether the defendant understood the concept of a jury trial, and the accused replied that he did. Then the court told the defendant to sign a jury waiver form if that is what he wanted to do, and that, if he did so, he would be waiving and relinquishing his right to have a jury trial.

The record, both common law and the report of proceedings, reflects that the defendant signed a written jury waiver form relative to the charges of battery and resisting a peace officer. Although the defendant was not represented by counsel at the time he executed the jury waiver, the record indicates that the defendant was 20 years old at the time and was sophisticated in the sense that he had extensive prior contact with the criminal justice system. In fact, between 1978

and the time of the instant offenses, he had been found guilty of crimes on at least seven occasions, including the offenses of obstructing a peace officer, battery, theft over $150, unlawful possession of cannabis, and having an invalid vehicle registration. The accused's prior involvement with the criminal justice system may be utilized to determine his understanding of this matter. *People v. Stolfo* (1977), 46 Ill. App. 3d 616, 618-19; see *People v. Richardson* (1965), 32 Ill. 2d 497, 500.

In sum, the trial court did not expressly ask the defendant in this case whether he understood that he had the right to a jury trial and whether he desired to waive that right; similarly the court did not explicitly conclude that the defendant knowingly and intelligently waived his right to a jury trial. (Compare *People v. Gray* (1981), 96 Ill. App. 3d 757, 758.) However, the court's remarks reasonably apprised the defendant that he was entitled to a jury trial if he so chose, the defendant stated he understood the nature of a jury trial, and he signed a written jury waiver regarding the charges of battery and resisting a police officer (two counts). Given the totality of the facts and circumstances of this case, we conclude that, with respect to those charges, the defendant knowingly and understandingly waived his right to a jury trial. (See, *e.g.*, *People v. Herrera* (1972), 6 Ill. App. 3d 898, 900-01; *People v. Bradley* (1970), 131 Ill. App. 2d 91, 93-94.) However, for the reasons explicated below, we reach a different conclusion with respect to the petty offense of operating a motor vehicle without a valid registration sticker (see Ill. Rev. Stat. 1979, ch. 95½, pars. 1—300, 3—701; Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—2(c)).

At the outset, it should be emphasized that there is no indication in the record that the defendant was ever arraigned on the invalid registration sticker charge. It is also noteworthy that the public defender apparently was not aware that the defendant had been charged with that offense until after the trial court had pronounced that the defendant was guilty of the registration sticker violation. However, because the defendant did not object in the trial court to the failure to arraign him on that charge, he would be precluded from raising that issue on appeal had he attempted to do so. *People v. Sanders* (1980), 80 Ill. App. 3d 809, 813; see Ill. Rev. Stat. 1979, ch. 38, par. 113—6.

■ Turning now to the specific question of whether the defendant knowingly and understandingly waived his right to a jury trial on that charge, the record reflects only that the notation "JW" appears in the upper righthand corner of the half-sheet for the trial date. The trial transcript itself is totally devoid of any indication that the trial

court explained that the defendant had a right to a jury trial regarding the invalid registration sticker charge or that he was otherwise apprised of that right. In fact, there is no evidence that the trial court ever informed the defendant that he was charged with the offense in question. Thus, even if this court were to accept the presence of the letters "JW" as evidencing the trial court's statement that the defendant had waived his right to a jury trial, that indication alone is insufficient to demonstrate a knowing and understanding waiver in light of the particular facts and circumstances here. (See *People v. Montgomery* (1981), 96 Ill. App. 3d 994, 999-1000.) Accordingly, the conviction of operating a vehicle without a valid registration sticker must be reversed, the order imposing $20 in court costs vacated, and the cause remanded for further proceedings.

The defendant's last assignment of error is that the complaint, as amended, was fatally defective. In particular, he asserts that the order of the trial court, which, upon the State's motion, amended the original complaint to read a violation of section 12—3(a)(2) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a)(2)) instead of section 12—3(a)(1) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a)(1)), changed the statutory citation only and did not incorporate the nature and elements of the offense under section 12—3(a)(2). Because the allegations of the original complaint, which articulated the nature and elements of a violation of section 12—3(a)(1) of the Code, remained unchanged in the amended complaint along with the new statutory citation of section 12—3(a)(2), the defendant claims that the amended complaint was fatally defective. The State, on the other hand, maintains that the obvious intent of the trial court's order amending the original complaint to substitute section 12—3(a)(2) for section 12—3(a)(1) was to include, by implication, the nature and elements of a section 12—3(a)(2) offense.

Initially, we point out that by attacking the sufficiency of the amended complaint in his motion in arrest of judgment (Ill. Rev. Stat. 1979, ch. 38, par. 116—2(b)(1)), the defendant properly preserved the present issue for appellate review. *People v. Lutz* (1978), 73 Ill. 2d 204, 210; *People v. Boyd* (1981), 102 Ill. App. 3d 343, 345.

It is well settled that in cases in which a charging instrument is attacked for the first time on appeal, the complaint, indictment, or information is sufficient if it apprises the defendant of the precise offense charged with ample specificity to enable him to prepare a defense and to allow pleading a resulting conviction as a bar to a future prosecution arising from the same conduct. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 28-29; *People v. Pujoue* (1975), 61 Ill. 2d 335, 339; *Peo-*

*ple v. Gutierrez* (1982), 105 Ill. App. 3d 1059, 1062.) However, where, as here, the sufficiency of the complaint is attacked in a motion in arrest of judgment for a failure to state an offense (Ill. Rev. Stat. 1979, ch. 38, par. 116—2(b)(1)), the standard of review is whether the complaint complied with the requirements of section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3). (*People v. Easter* (1981), 102 Ill. App. 3d 974, 978; *People v. Grant* (1981), 101 Ill. App. 3d 43, 45; *People v. Jeffrey* (1981), 94 Ill. App. 3d 455, 463.) One of those requirements is that the complaint set forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)(3).) If the charging instrument fails to set forth the elements of the offense, then a motion in arrest of judgment, once made, must be granted. *People v. Medreno* (1981), 99 Ill. App. 3d 449, 454.

■ A person commits a battery if he intentionally or knowingly without legal justification causes bodily harm to an individual (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a)(1)) or makes physical contact of an insulting or provoking nature with an individual (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a)(2)). In *People v. Pujoue* (1975), 61 Ill. 2d 335, 338, our supreme court rejected the State's contention, which is similar to the one advanced in this case, that the citation of the statutory provision alleged to have been violated incorporated into the complaint, by reference, the nature and elements of the offense charged. See also *People v. Haltom* (1976), 37 Ill. App. 3d 1059, 1061-62 (counts which alleged the defendant intentionally and knowingly without legal justification committed a battery on certain police officers failed to allege either of the alternative elements of battery and, hence, were insufficient to charge the commission of a battery); accord, *People v. Abrams* (1971), 48 Ill. 2d 446, 460-61.

The record is clear. The State, by its amendment, intended to charge defendant with committing the offense of battery under section 12—3(a)(2) of the Code. The elements of that offense are that the defendant made physical contact of an insulting or provoking nature with an individual. These elements are entirely lacking in the complaint against the defendant, and the defect is fatal. The trial court erred in not granting defendant's motion in arrest of judgment on the charge of battery.

To summarize:

    (a) the judgments of conviction and sentences of the trial court on the two counts of resisting a peace officer are affirmed.

    (b) the judgment of conviction and sentence of the trial court

on the charge of battery is vacated and held for naught.

(c) the judgment of conviction and sentence of the trial court for having an invalid registration sticker is reversed, and that cause is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part; vacated in part; reversed and remanded in part.

LINDBERG and REINHARD, JJ., concur.